City of Philadelphia, Appellant, *v.* Samuel C. Colangelo, Appellee.

Argued April 4, 1974, before Judges KRAMER, WIL-
KINSON, JR., and BLATT, sitting as a panel of three.

*John M. McNally, Jr.,* First Deputy City Solicitor,
with him *Nicholas Panarella, Jr.,* Assistant City Solici-
tor, *James M. Penny, Jr.,* Assistant City Solicitor, *John
Mattioni,* Deputy City Solicitor, and *Martin Weinberg,*
City Solicitor, for appellant.

*Yale B. Bernstein,* with him *Stanley Bashman* and
*Bashman, Wertheimer, Kane, Manfredi & Byrne,* for
appellee.

OPINION BY JUDGE WILKINSON, May 29, 1974:

Claimant-appellee, a 35-year old policeman for the City of Philadelphia, appellant, sustained a back injury on July 7, 1970, while *off duty*. Previous to this injury, he had sustained three back injuries while on duty, two in 1968 and one 1969. After the injury of July 7, 1970, claimant-appellee filed a claim which was denied by the Safety Officer of the Police Department and by the Police Commissioner. An appeal was taken and after a hearing, the Civil Service Commission of Philadelphia denied the appeal upon finding that "in the absence of medical evidence linking an injury of this kind to prior experiences of back pain, we are constrained to find [claimant-appellee's] present disability non-service connected." An appeal to the Court of Common Pleas followed, and the lower court remanded for the purpose of obtaining further medical testimony concerning causation. This appeal followed.

Initially, we note that an order of a lower court remanding a case to the Commission is usually interlocutory and an appeal therefrom premature. *City of Philadelphia v. Murphy,* 13 Pa. Commonwealth Ct. 630, 320 A. 2d 411 (1974). An appeal, however, is proper and not premature if the lower court made an error of law and acted improperly or beyond its authority in remanding the case. *Williams v. Bonair Foundry Company,* 215 Pa. Superior Ct. 357, 257 A. 2d 69 (1969). See *Wilder v. Jones & Laughlin Steel Corporation,* 8 Pa. Commonwealth Ct. 505, 303 A. 2d 537 (1973).

A review of the record here convinces us that this case falls within the exception of *Williams,* wherein the appeal from the remand by the lower court was found to be proper because the lower court erred in granting a rehearing to consider matter which could have been produced at the first hearing. Here, the lower court's remand "for the purpose of obtaining

further medical testimony" would only serve the purpose of giving the claimant-appellee another opportunity to prove what he should have proved in the first place.

However, this case must be remanded for a different reason and a substantially more limited purpose. The Commission, in finding an "absence of medical evidence linking an injury of this kind to prior experiences of back pain," failed to note or consider a letter submitted by the claimant-appellee manifestly containing such medical evidence. In the letter, dated September 29, 1970 (two and a half months after the most recent incident), Dr. Callery, an orthopedist stated "from that time on [i.e., from the time of one of claimant-appellee's earlier on-duty injuries], the attacks of backache seemed to become more severe, and *ultimately resulted* in this most recent one [of July 7, 1970], which precipitated his admission to the hospital." (Emphasis added.) The Commission, in its short opinion of January 29, 1971, failed to discuss Dr. Callery's letter and such failure constitutes a capricious disregard of competent evidence. *See Frombach v. United States Steel Corp.*, 2 Pa. Commonwealth Ct. 556, 279 A. 2d 779 (1971).

It must be emphasized that the Commission, as the fact finder, need not accept Dr. Callery's conclusions concerning causation, but it must consider them. We also note that while it is not necessary for the Commission to enumerate its findings, such an enumeration is preferable. *City of Philadelphia v. Hays*, 13 Pa. Commonwealth Ct. 621, 320 A. 2d 406 (1974).

Accordingly, the order of the lower court is vacated and the record is remanded to the Court of Common Pleas of Philadelphia to remand to the Civil Service Commission of Philadelphia for further proceedings consistent with this opinion, specifically to consider

the September 29, 1970, letter of Dr. Callery and make such modification, if any, of its opinion as it deems appropriate.