Frank SPARACINO, Appellant,

v.

ZONING BOARD OF ADJUSTMENT,
CITY OF PHILADELPHIA and
Sally and Andrew Gillespie.

Commonwealth Court of Pennsylvania.

Argued March 12, 1999.

Decided April 23, 1999.

Natale F. Carabello, Jr., Philadelphia, for appellant.

Debra Valenti-Epstein, Philadelphia, for appellee, Andrew Gillespie.

Before DOYLE, J., SMITH, J., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

Frank Sparacino appeals from an order of the Court of Common Pleas of Philadelphia County quashing his appeal for lack of standing. The issue raised on appeal is whether Sparacino, who had appeared and testified at the hearing before the Zoning Board of Adjustment of the City of Philadelphia (Board) in opposition to grant of a variance, was required to reenter his appearance at the subsequent hearing held on remand to preserve his standing to appeal the Board's decision. We reverse and remand.

The record reveals the following relevant facts.[1] Sally and Andrew Gillespie are the owners of a property located at 8738 Wissahickon Avenue in the City of Philadelphia (City). In February 1996, the Gillespies constructed a shed on the side yard of their property without obtaining a proper permit from the City. In 1997, the City Department of Licenses and Inspections (Department) issued a notice of violation to the Gillespies after Frank and Tammy Sparacino, the adjoining property owners, reported the construction. The Gillespies thereafter filed an application for a zoning permit to legalize the already constructed shed. After the Department denied their application for failure to comply with the minimum side yard requirement, the Gillespies appealed to the Board and applied for a variance.

At the hearing held on December 17, 1997 before the Board, the Gillespies appeared without an attorney and presented their case. Frank and Tammy Sparacino also appeared and testified in opposition to the Gillespies' application. After the hearing, the Board denied the application. The Gillespies then appealed to the trial court and filed, through their attorney, a motion for remand. In the motion, the Gillespies asserted that they were not represented by an attorney at the hearing and as a result failed to present sufficient testimony to establish unnecessary hardship required for granting a variance and cross-examine the Sparacinos. In an order dated April 1, 1998, the trial court granted the Gillespies' motion and remanded the matter to the Board "for a full hearing."

On remand, the Board assigned the calendar number, No. 97–1301, the same number previously assigned to the Gillespies' application for a variance, to a remand hearing and notified the parties, including the Sparacinos, that the remand hearing would be held on May 13, 1998. In a letter dated May 8, 1998, the Department advised the Sparacinos that they would be informed of the result of the remand hearing.

At the May 13, 1998 remand hearing, Sally Gillespie testified in support of the application for a variance. She testified, *inter alia*, that she experienced noises and fumes emanating from the cars parked at night on the driveway of the Sparacinos' property. The Sparacinos did not appear at the remand hearing. At the conclusion of the hearing, the Gillespies' counsel told the Board that at the previous December 17, 1997 hearing, the Gillespies had submitted petitions of the neighbors supporting the request for a variance. The Board's May 13, 1998 Hearing, N.T., p. 15. No other testimony or evidence was taken at the remand hearing. On May 28, 1998, the Board issued a "Notice of Decision" granting the Gillespies a variance.[2]

---

1. The record certified to this Court does not include entire records made in the Board's proceedings before and after the remand. It does not contain the transcripts of the hearings and the initial written decision of the Board denying the application for a variance. Only the portion of the sixteen-page transcript of the remand hearing is included in the reproduced record.

2. The Board has not issued a written decision setting forth findings of fact and conclusions of law to support its decision to grant a variance on remand.

Frank Sparacino appealed the Board's decision to the trial court. The Gillespies then filed a motion to quash the appeal, contending that Sparacino lacked standing to appeal the Board's decision because he failed to appear and testify at the remand hearing. The trial court granted the Gillespies' motion and quashed the appeal, stating that Sparacino failed to establish his status as an aggrieved party on the record because he "never appeared before the Board." The Trial Court's Opinion, p. 3. Sparacino's appeal to this Court followed.

Sparacino contends that because the matter was remanded to the Board for the sole purpose of taking additional testimony, he was not required to reappear at the remand hearing and testify in opposition to the Gillespies' application to preserve his standing to appeal. The Gillespies contend, on the other hand, that the trial court's order remanding "for a full hearing" should be treated as an order directing the Board to hold a de novo hearing and that because Sparacino failed to appear and testify at the remand hearing, he lacked standing to appeal the Board's decision.[3]

■ Section 754 of the Local Agency Law (Law), 2 Pa.C.S. § 754, governs the court's disposition of an appeal from the local agency. Under Section 754(b) of the Law, the court must affirm the local agency's decision where a complete record was developed before the local agency, unless it determines that constitutional rights were violated, that an error of law was committed, that the procedure before the agency was contrary to statute, or that necessary findings of fact are not supported by substantial evidence. *Public Advocate v. Philadelphia Gas Commission*, 544 Pa. 129, 674 A.2d 1056 (1996). Where the record before the agency is incomplete, however, the court must follow the procedures set forth in Section 754(a) of the Law, which provides:

(a) **Incomplete record.** — In the event a full and complete record of the proceedings before the local agency was not made, the court may hear the appeal de novo, or may remand the proceedings to the agency for the purpose of making a full and complete record or for further disposition in accordance with the order of the court.

■ Thus, once the trial court determines that the record before the local agency is incomplete, the court has discretion to determine the manner of implementing a deficient record before the local agency: the court may either hear the appeal de novo itself or remand the matter to the agency for *implementation* of the deficient record or any further disposition of the case. *Monaghan v. Board of School Directors of Reading School District*, 152 Pa.Cmwlth. 348, 618 A.2d 1239 (1992). Under Section 754(a), however, the trial court is not authorized to remand for a de novo proceeding on the basis that the record before the local agency is incomplete.

To support their assertion that the record before the Board was not complete, the Gillespies relied on the fact that they were not represented by an attorney at the December 17, 1997 hearing, did not present sufficient testimony on unnecessary hardship and failed to cross-examine the Sparacinos. The Gillespies stated that "Appellants, without an opportunity to be heard before the Zoning Board with counsel and to take *additional* relevant testimony, do not have a complete record on appeal." (Emphasis added.) The Motion for Remand, ¶ 9.

■ Because the Gillespies sought remand to present additional testimony, and because Section 754(a) only authorizes the trial court to remand to implement incomplete record, the trial court's order remanding "for a full hearing" cannot be construed as directing the Board to hold a de novo hearing.[4] Because the remand hearing was

---

3. In the opinion subsequently issued to support its decision to quash the appeal, the trial court states that it "relinquished jurisdiction" in remanding the matter to the Board. Contrary to the trial court's statement, its one-sentence remand order only stated that "this matter is RE-

MANDED to the Zoning Board of Adjustment for a full hearing."

4. The propriety of the trial court's order remanding on the basis of an "incomplete" record is not an issue before this Court. It must be noted, however, that the record before the local agency

held to take *additional* testimony, Sparacino's failure to appear at that hearing alone is not determinative of the issue of his standing to appeal the adverse decision of the Board.

Section 752 of the Law, 2 Pa.C.S. § 752, provides that "[a]ny person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have a right to appeal...." Section 14–1807 of the Philadelphia Code also provides:

> Any person or persons jointly or severally aggrieved by any decision of the Board, or any taxpayer ... may appeal by presenting to the Court of Common Pleas a Notice of Appeal setting forth the date of the decision of the Board, the calendar number of the case before the Board, and the address of the property involved, and attaching a copy of the decision from which the appeal is being taken.

■ A party is aggrieved when he or she is adversely, directly, immediately and substantially affected by a decision. *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975); *ACS Enterprises, Inc. v. Norristown Borough Zoning Hearing Board,* 659 A.2d 651 (Pa.Cmwlth. 1995), *appeal denied,* 542 Pa. 674, 668 A.2d 1136 (1995). Section 908(3) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10908(3), provides that "[t]he parties to the hearing shall be ... any person affected by the application who has made timely appearance of record before the board."

■ It is well established that an adjoining property owner, who testified at the hearing before the zoning board in opposition to the zoning application, has sufficient interests in the adjudication and therefore has standing to appeal the Board's decision to the trial court. *Aquaro v. Zoning Board of Adjustment of City of Philadelphia,* 673 A.2d 1055 (Pa.Cmwlth.1996). In this matter, the Sparacinos are the adjoining property owners and reported the Gillespies' construction of the shed to the Department. Later, the Sparacinos appeared at the Board's December 17, 1997 hearing and testified in opposition to the Gillespies' application for a variance. Frank Sparacino thus established *on the record* that he was a party in the Board's proceeding and was therefore aggrieved by the Board's decision granting the Gillespies a variance. Hence, the trial court erred in quashing Frank Sparacino's appeal for lack of standing.

Accordingly, the order of the trial court is reversed, and this matter is remanded to the court for a further proceeding.

### ORDER

AND NOW, this 23rd day of April, 1999, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed. This matter is remanded to the court for a further proceeding.

Jurisdiction relinquished.

Judge SMITH dissents.

is full and complete, if "there is a complete and accurate record of the testimony taken so that the appellant is given a base upon which he may appeal, and also, that the appellate court is given a sufficient record upon which to rule on questions presented." *Monaghan,* 618 A.2d at 1241–42 (quoting *Sharp v. Department of Public Welfare,* 7 Pa.Cmwlth. 623, 300 A.2d 909, 911 (1973)). The trial court is, however, without authority under Section 754(a) of the Law to remand the matter to the local agency to give the appellant another opportunity to prove what he or she should have proved in the first place; therefore, the record before the local agency is not considered incomplete based solely on the appellant's failure to present evidence available at the hearing. *Monaghan; City of Philadelphia v. Colangelo,* 13 Pa.Cmwlth. 594, 320 A.2d 429 (1974).