George ANDRAS, Appellant,

v.

**WYALUSING BOROUGH and Wyalusing Borough Council.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 11, 2002.

Decided April 24, 2002.

Ray DePaola, Towanda, for appellant.

Jonathan P. Foster, Athens, for appellees.

BEFORE: COLINS, President Judge, COHN, J., and MIRARCHI, JR., Senior Judge.

OPINION BY Senior Judge MIRARCHI.

George Andras (Andras) appeals from an order of the Court of Common Pleas of Bradford County that affirmed the decision of the Wyalusing Borough Council (Borough Council) to terminate his employment. The issues on appeal are: (1) whether the Borough Council's decision is supported by substantial evidence; and (2) whether the termination imposed by the Borough Council may be properly modified on appeal to a less severe sanction. We affirm.

Andras was employed by the Wyalusing Borough (Borough) as a police officer since 1979 in its police department which had a police force of less than three officers. The circumstances leading to the termination of Andras' employment, as found by the Borough Council, are as follows. Andras was the Borough police chief during the most of the period in question. Fur-

ther, he was the only full-time police officer on January 7, 1999 when the Mayor of the Borough met with him to discuss the charges of his misconduct, including (1) mismanaging the Borough fund; (2) providing inaccurate and misleading information to the news media; (3) failing to investigate accidents and file reports; and (4) removing and destroying police records.

In a subsequent letter sent to Andras, the Mayor included an additional charge of refusing to answer the Mayor's questions at the January 7, 1999 meeting. Noting previous verbal and written disciplinary actions taken against Andras, the Mayor informed Andras that she would recommend termination of Andras' employment to the Borough Council. On February 1, 1999, the Borough Council accepted the Mayor's recommendation and terminated Andras' employment. Andras challenged the termination, and the Borough Council held a hearing, at which Andras, the Mayor, the Borough Secretary and the chief County detective testified. The Borough also presented various documentary evidence to support the charges against Andras.

As to the charge of mismanaging the Borough fund, the Borough presented the following evidence. The Borough had the established policy, under which the Borough forwards all requests for copies of accident reports along with accompanying service fee checks to the police department. The police officer, who has investigated those accidents, must then process the requests, photocopy the accompanying checks and return the original checks back to the Borough for deposit in the Borough's general fund.

The Borough Secretary testified that for the past three years prior to the termination of his employment, Andras failed to return to the Borough any checks which were forwarded to him and were related to the requests for the reports of the accidents he had investigated. The two part-time officers returned the checks to the Borough after processing the requests, as required by the Borough policy. The documents presented by the Borough showed that out of the seventeen checks sent by the Metropolitan Reporting Bureau to the Borough from January 1, 1995 to December 1, 1998 to obtain copies of accident reports, only four checks were deposited. Those four checks were the ones that were returned by the part-time police officer. Andras does not dispute that at least some of those seventeen checks were related to the requests for reports of the accidents he had investigated.

The Borough Secretary further testified that it was difficult to keep track of the number of citations issued by Andras and the payments made on the citations due to his failure to maintain the record. Andras admitted that he did not submit to the Borough the white copies of the citations he issued. The chief County detective, who investigated the police department's handling of the Borough fund, testified that it was impossible to prove any wrongdoing because the record was not properly maintained in the police department.

Accepting the testimony and the documentary evidence presented by the Borough as credible and rejecting Andras' testimony, the Borough Council found, *inter alia*, that Andras failed to properly maintain the record of his activities and mismanaged the Borough fund received in the course of his official business, in violation of the established Borough policy; the long history of the disciplinary actions taken against him demonstrated his unwillingness to act properly in a professional manner; and the Mayor's efforts to rehabilitate him and avoid taking a further disciplinary action were unsuccessful. Concluding that all the charges against

Andras, except the charge of failing to investigate accidents and file reports, were supported by the evidence, the Borough Council sustained the termination of Andras' employment and denied his appeal. On appeal, the trial court affirmed the Borough Council's decision, concluding that although the record only supported the charge of mismanaging the Borough fund and failing to maintain the proper record of his activities, such misconduct alone justified the termination. After the trial court denied his motion for reconsideration, Andras appealed to this Court.

Where, as here, a complete record was developed before the local agency, the court must affirm the agency's decision unless it determines that constitutional rights were violated, that an error of law was committed, that the procedure before the agency was contrary to statute, or that necessary factual findings are not supported by substantial evidence. Section 754(b) of the Local Agency Law, 2 Pa.C.S. § 754(b); *Sparacino v. Zoning Board of Adjustment*, 728 A.2d 445 (Pa.Cmwlth. 1999), *appeal denied*, 565 Pa. 680, 775 A.2d 811 (2001).

Andras contends that the Borough Council's finding that he failed to properly maintain the record and mismanaged the Borough fund is not supported by substantial evidence.

In making such finding, the Borough Council accepted as credible the testimony and the documentary evidence presented by the Borough, which established that while he was the police chief and the only full-time police officer in the police depart-

ment, Andras failed to comply with the Borough policy requiring the officers to return the checks to the Borough after processing the requests for accident reports and failed to properly maintain the record of his official activities.

■ As the ultimate factfinder in this proceeding, the Borough Council had the prerogative to determine the credibility of the witnesses and the weight to be given to the evidence. *Tandon v. State Board of Medicine*, 705 A.2d 1338 (Pa.Cmwlth.1997), *appeal denied*, 556 Pa. 682, 727 A.2d 134 (1998); *Richter v. Civil Service Commission of the City of Philadelphia*, 35 Pa. Cmwlth. 310, 387 A.2d 131 (1978). Since the Borough Council's finding regarding the charge of mismanaging the Borough fund and failing to maintain the proper record is based on the credibility determinations, those findings are conclusive and may not be disturbed on appeal.[1]

■ Section 2 of the Act of June 15, 1951, P.L. 586, commonly known as the Police Tenure Act (Act), *as amended*, 53 P.S. § 812, provides in relevant part that "[n]o person employed as a regular full time police officer in any police department ... shall be suspended, removed or reduced in rank except for the following reasons: ... (2) neglect or violation of any official duty; ... (4) inefficiency, neglect, intemperance, disobedience of orders, or conduct unbecoming an officer...."

The term "conduct unbecoming an officer" under Section 2 of the Act has been defined as conduct tending to destroy pub-

---

1. Andras argues that the documentary evidence presented by the Borough directly pointed to only three checks which he did not return to the Borough. In so arguing, Andras concedes that he failed to return at least some checks in violation of the Borough policy. Moreover, the lack of "smoking gun" evidence resulted from Andras' failure to properly maintain the record in the police department, as the trial court observed. Trial Court's June 20, 2001 Opinion, p. 4. The testimony of the Borough Secretary that Andras picked up the checks, but did not return them to the Borough alone supports the charge of mismanaging the Borough's fund.

lic respect and confidence in the operation of municipal services or affecting the morale or efficiency of the police department. *Zeber Appeal,* 398 Pa. 35, 156 A.2d 821 (1959); *Powell v. Middletown Township Board of Supervisors,* 782 A.2d 617 (Pa. Cmwlth.2001). In *Cerceo v. Borough of Darby,* 3 Pa.Cmwlth. 174, 281 A.2d 251, 255 (1971), this Court stated:

> We demand from our law enforcement officers, and properly so, adherence to demanding standards which are higher than those applied to many other professions. It is a standard which demands more than a forbearance from overt and indictable illegal conduct. It demands that in both an officer's private and official lives he do nothing to bring dishonor upon his noble calling and in no way contribute to a weakening of the public confidence and trust of which he is repository.

The facts found by the Borough Council amply support the inefficiency in the operation of the police department by Andras, neglect of his duties and his conduct unbecoming an officer. Hence, the Borough Council was justified in terminating Andras' employment under Section 2 of the Act.

■ Andras next contends that the penalty imposed by the Borough Council was unreasonable. Andras further asserts, without any factual support, that the Borough Council's action was capricious and was made in bad faith and not in accordance with law.

In *Slawek v. State Board of Medical Education & Licensure,* 526 Pa. 316, 322, 586 A.2d 362, 365 (1991), the Pennsylvania Supreme Court set forth the following scope of review applicable to a challenge to a sanction imposed by an administrative agency:

> [T]he proper review of the agency's action, assuming that it is not defective under the self-explanatory requirements of the Administrative Agency Law, is *not* whether its order was reasonable, but whether it was made in "accordance with law" (i.e., whether it was made in bad faith, and whether it was fraudulent or capricious).... [A] reviewing court may interfere in an agency decision only when "there has been a manifest and flagrant abuse of discretion or a purely arbitrary execution of the agency's duties or functions." (Emphasis in original; a citation and footnotes omitted.)

The scope of review under Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704, considered in *Slawek* is equally applicable in reviewing the Borough Council's action under the virtually identical language in Section 754(b) of the Local Agency Law, 2 Pa.C.S. § 754(b).[2]

In terminating Andras' employment, the Borough Council considered not only the current charges but also the long history of the disciplinary actions taken against him. The Borough Council stated:

> The record contains a long history of disciplinary actions against Andras. The record is clear that the Mayor tried to work with him to improve the Police Department and avoid further actions

**2.** Andras cites *Starr v. State Board of Medicine,* 720 A.2d 183 (Pa.Cmwlth.1998), in which this Court stated that the penalty imposed by the agency may be modified on appeal on the basis that it is too harsh. In so stating, this Court relied on *Hendrickson v. State Board of Medicine,* 108 Pa.Cmwlth. 124, 529 A.2d 78 (1987). In *Slawek,* however, the

Supreme Court specifically rejected the holding in *Hendrickson* as too broad and as "invit[ing] the court to substitute its view of what it[sic] reasonable for that of the agency." *Slawek,* 526 Pa. at 322, 586 A.2d at 365. Thus, it is clear that the statement in *Starr* relied on by Andras does not represent the correct scope of review set forth in *Slawek.*

against him to no avail. It is unlikely that the deficiencies demonstrated and the behavior can be rectified.... Termination, rather than suspension is justified not only due to the gravity of the charges, which bring the police department into disrepute, but, due to Andras' repeated failure in the past to attempt to change his way of operating as a police officer.

Borough Council's Decision, p. 7.

Andras does not specifically challenge the reasons for the termination set forth in the Borough Council's decision. Further, Andras fails to point to any specific evidence in the record to support his bold allegations that the imposed sanction was unreasonable and capricious and was made in bad faith and not in accordance with law. We conclude, therefore, that the facts in this matter do not justify interfering in the exercise of the administrative discretion by modifying the sanction imposed by the Borough Council.

Accordingly, the order of the trial court is affirmed.

### *ORDER*

AND NOW, this 24th day of April, 2002, the order of the Court of Common Pleas of Bradford County in the above-captioned matter is affirmed.