**RETIREMENT BOARD OF ALLEGHENY COUNTY,**
Appellant

v.

**Robert E. COLVILLE.**

Commonwealth Court of Pennsylvania.

Argued May 4, 2004.
Decided June 18, 2004.

**446**

Mary C. Barkman, Pittsburgh, for appellant.

Michael Colville, Pittsburgh, for appellant.

BEFORE: SMITH–RIBNER, Judge, FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

1. The RBAC is established under, and empowered by, the Second Class County Code (Code), Act of July 28, 1953, P.L. 723, *as amended,* 16 P.S. §§ 3101–6302, to oversee the administration of the retirement system fund for Allegheny County (County) employees. *See* Sections 1702–1706 of the Code, 16 P.S. §§ 4702–4706.

OPINION BY Judge FRIEDMAN.

The Retirement Board of Allegheny County (RBAC)[1] appeals from the September 11, 2003, order of the Court of Common Pleas of Allegheny County (trial court), which granted Robert E. Colville's (Colville) motion for remand to the RBAC for further proceedings in connection with Colville's right to increased retirement benefits.

From January 1976 until January 1998, Colville served as the elected District Attorney of Allegheny County (County) and participated in the County's retirement system. Pursuant to then existing state law, retirement allowances were computed based on the individual participant's monthly salary, up to a statutory cap of $4,333.33 per month. Section 1712(a) of the Code, 16 P.S. § 4712(a). Each month prior to his retirement, Colville contributed to the County retirement fund an amount computed on a percentage of the monthly compensation paid to him by the County, subject to the statutory cap. Section 1708(a) of the Code, 16 P.S. § 4708(a). Colville's monthly contributions were matched by the County. Section 1709 of the Code, 16 P.S. § 4709.

On October 30, 2000, the legislature adopted Act No. 85 of 2000 (Act 85), which amended 16 P.S. § 4712(a) by removing the statutory cap and permitting certain participants in the County employee's retirement system to compute their retirement allowance based on their actual monthly compensation. Act 85 became effective as of December 31, 1999;[2] Colville

2. Section 1712(a) currently provides, in relevant part:

The retirement allowance paid under the provisions of this article shall equal fifty per centum of the amount which would constitute the average monthly compensation as received by the county employe during the highest twenty-four months of the last four

had retired in January 1998 and was receiving his monthly retirement allowance.

After Colville became aware of the amendment, he contacted the RBAC and attempted to make a lump sum contribution to the retirement fund under Act 85 for the purpose of recalculating the amount of his retirement allowance based on his actual salary, without regard to the statutory cap. In February 2001, the RBAC denied Colville's request, determining that Act 85 did not apply to persons who retired and remained retired prior to Act 85's effective date.

Colville appealed this decision, and the RBAC held an appeal hearing on April 27, 2001, pursuant to the Local Agency Law.[3] Colville testified at the hearing and submitted a memorandum to the RBAC setting forth certain facts and legal arguments in support of his position. A transcript of the hearing, including all exhibits, was made, preserved and filed as the certified copy of the record. Subsequently, the RBAC denied Colville's appeal, again holding that Act 85 did not apply to persons who retired prior to its enactment.

Colville did *not* file a statutory appeal of the RBAC's adjudication, as provided by the Local Agency Law. However, on August 27, 2001, Colville filed a Praecipe for Writ of Summons in Civil Action. On June 7, 2002, Colville filed a Complaint for Declaratory Relief in the trial court, seeking a declaratory judgment that Act 85 applies to persons in his situation, who retired within the five years *prior to* the December 31, 1999, effective date.

The RBAC filed preliminary objections to Colville's Complaint asserting a statute of limitations defense and that Colville failed to exhaust his administrative remedies. Following argument, the specially presiding judge [4] granted the RBAC's preliminary objections "to the extent that [Colville] seeks declaratory relief." The trial court then found the Praecipe for Writ of Summons to be a timely "appeal" of the RBAC decision, but stressed that the trial court would "entertain neither any de novo review, nor action for declaratory relief, but only that limited review of the [RBAC's] decision in accordance with the local agency law." (R .R. at 11a.) A certified copy of the record from the April 27, 2001, RBAC appeal hearing was submitted to the trial court for review.

(4) years of his employment ... in which period of time the said county employe made monthly ... contributions into the retirement fund prior to his or her retirement.... No retirement allowance shall be computed on a monthly compensation in excess of four thousand three hundred thirty-three dollars and thirty-three cents ($4,333.33) (referred to in this subsection as "excess compensation") unless the employe and the county have made contributions on all excess compensation received by the employe during the five-year period preceding the employe's retirement: Provided, That the required contribution is paid into the retirement system within ninety (90) days of the date of retirement. *An employe who retires within five (5) years of the effective date of the compensation cap removal may elect to satisfy the contribution requirement*

*by making a lump sum contribution that is calculated by applying the applicable contribution percentage rate to all excess compensation received by the employe during the prior five-year period on which contributions were not made.* Within ninety (90) days of such contribution by an employe, contributions shall also be made by the county in an amount equal to the amount contributed by the employe. The effective date of the cap removal is December 31, 1999.

16 P.S. § 4712(a) (emphasis added).

3. 2 Pa.C.S. §§ 551–555, 751–754.

4. Currently, Colville is a judge in the Court of Common Pleas of Allegheny County, and, for this reason, a specially presiding out-of-county judge was appointed to hear the case.

On April 14, 2003, Colville filed a Motion for Summary Judgment, (R.R. at 52a–55a), "to resolve the legal question of what is the plain meaning or the proper interpretation of 16 Pa.C.S. [sic] § 4712(a), as it relates to the uncontested facts of this case."[5] (R.R. at 58a–59a.) In both his Complaint for Declaratory Judgment and his Motion for Summary Judgment, Colville confined his argument to the question of the proper interpretation of Act 85; however, at the June 24, 2003, argument on the Motion for Summary Judgment, Colville's counsel raised a disparate treatment or equal protection issue, asserting that two other County retirees "similarly situated" to Colville had received the benefit of the statutory cap removal.[6] Counsel for the RBAC responded that she did not believe this to be the case. While not conceding the material similarity between these two individuals and Colville, the RBAC's counsel confirmed that one of the named retirees was permitted the benefit of Act 85, notwithstanding the fact that she retired prior to Colville. However, the RBAC's counsel disputed that the other individual had received benefit of the cap removal, indicating that the RBAC had denied his application for increased benefits.

After oral argument, counsel for the RBAC confirmed to Colville's counsel that *both* of the other retirees had received the benefit of Act 85 but maintained that, unlike Colville, both had retired after the effective date of Act 85.[7] During a July 22, 2003, telephone conference, counsel for both parties informed the specially presiding judge that they had been unable to reach a settlement regarding the facts surrounding these other two retirees and their eligibility for Act 85 benefits.

On July 29, 2003, the specially presiding judge entered an order denying Colville's Motion for Summary Judgment and affirming the RBAC's interpretation of Act 85 and the adjudication of the RBAC that Colville was ineligible for the cap removal as provided in Act 85 because Colville applied for and began receiving a retirement allowance prior to the effective date of Act 85. (R.R. at 12a; RBAC's brief at Appendix E.) The specially presiding judge also determined that there had not been any violation of constitutional rights or any abuse of discretion or error of law in the record of the proceedings before the RBAC and that the RBAC's adjudication was supported by substantial evidence. However, in a footnote to the order, the specially presiding judge noted that Colville's counsel had raised an issue of concern; specifically, that two other retirees allegedly similarly situated to Colville had received the benefit of the statutory cap removal. The judge wrote that, as a matter of fundamental fairness, he would entertain an application for reconsideration and remand to the RBAC on this narrow basis if the factual foundations were, indeed, analogous. (R.R. at 12a; RBAC's brief at Appendix E.)

---

5. Colville noted that neither party had requested or provided discovery but that a copy of the certified record had been filed with the trial court. (R.R. at 59a.)

6. Colville also raised this issue in the memorandum submitted to the RBAC at the April 27, 2001, local agency hearing; however, he chose to present no evidence in this regard, and he did not raise the matter again until the oral argument on June 24, 2003.

7. There was one anomaly in that one of the named individuals had first retired prior to the effective date of Act 85 and had received one pension check, but then she was rehired by the County and received no other retirement benefit until she again applied for retirement benefits after the effective date of Act 85.

On August 12, 2003, Colville filed a Motion for Remand seeking further proceedings before the RBAC, including permission to engage in discovery regarding whether individuals similarly situated to Colville were determined by the RBAC to be eligible for statutory cap removal under Act 85. Colville asserted that further discovery would support his allegation as to the two other named retirees, and possibly additional persons as yet unnamed. (RBAC's brief at Appendix D.)

Counsel for the RBAC filed a response to Colville's Motion for Remand, challenging the trial court's ability under the Local Agency Law to remand the case to the RBAC for further proceedings, including discovery, after the trial court had issued an order affirming the RBAC's adjudication on the merits based on the record submitted to the trial court. In addition, the RBAC maintained that the Motion for Remand must be denied because there were no cases factually analogous to Colville. (RBAC's brief at Appendix C.) Attached to the response, the RBAC filed an affidavit from the President of the RBAC, in which he verified that the two named individuals were not in the same position as Colville and, in fact, were eligible for Act 85 benefits. Indeed, he stated that no members of the retirement system in Colville's situation, i.e., those who had retired, remained retired and began receiving a retirement allowance prior to the effective date of Act 85, were determined by the RBAC to be eligible for cap removal pursuant to Act 85. (RBAC's brief at Appendix C, exhibit A.)

On September 11, 2003, the specially presiding judge issued an order granting Colville's Motion for Remand, thereby permitting the parties to "engage in necessary Discovery, regarding the issue of whether there has been any violation of [Colville's] Constitutional Rights (i.e., Equal Protection) or any abuse of discretion or error of law only as to [Colville's] assertions as to the former Public Defender of Allegheny County, and the former Executive Assistant in the Allegheny County District Attorney's Office." (RBAC's brief at Appendix B.)

On October 14, 2003, the RBAC filed an Application for Amendment of Interlocutory Order to set forth expressly the statement specified in 42 Pa.C.S. § 702(b). (R.R. at 14a–16a.) When the trial court did not act on the Application for Amendment, it was deemed denied pursuant to Pa. R.A.P. 1311(b). Counsel for the RBAC then petitioned this court for permission to appeal the trial court's September 11, 2003, interlocutory order, which this court granted by order dated January 8, 2004. (R.R. at 1a–2a.) The specially presiding judge, on January 30, 2004, issued an opinion in support of his September 11, 2003, order.[8] (RBAC's brief at Appendix A.) In that opinion, the trial court stood by its July 29, 2003, order affirming the RBAC's adjudication that Colville was ineligible for cap removal under Act 85 as a matter of law; nevertheless, the trial court stated that it felt compelled to grant Colville's request for a remand as a matter of "fundamental fairness" because of perceived anomalies before the RBAC and certain de hors the record (and possibly fraudulent) assertions by the RBAC's counsel that caused the trial court to question how the RBAC conducted the proceedings in this case. (See RBAC's brief at Appendix A.)

---

8. In that opinion, the specially presiding judge also ordered that his opinion and order be sealed.

▮ On appeal from the trial court's grant of Colville's Motion for Remand,[9] the RBAC argues that the specially presiding judge erred by directing that the parties engage in discovery prior to holding a remand hearing. The RBAC asserts that there is no provision in the Local Agency Law allowing for a remand after the trial court has reviewed the record made before the local agency and affirmed the agency's adjudication, and, further, the Local Agency Law does not provide for discovery. We agree that the trial court lacked authority under the Local Agency Law to issue the September 11, 2003, remand order.[10]

Although Colville originally did not take a statutory appeal of the RBAC's adjudication, the specially presiding judge decided that the case should and would be treated as an appeal under the Local Agency Law. (Order of October 14, 2002, R.R. at 11a.) Section 754 of the Local Agency Law, 2 Pa.C.S. § 754, governs the court's disposition of an appeal from a local agency. That section provides in its entirety:

(a) **Incomplete record.**—In the event a full and complete record of the proceedings before the local agency was not made, the court may hear the appeal de novo, or may remand the proceedings to the agency for the purpose of making a full and complete record or for further disposition in accordance with the order of the court.

(b) **Complete record.**—In the event a full and complete record of the proceedings before the local agency was made,

the court shall hear the appeal without a jury on the record certified by the agency. After hearing the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with the law, or that the provisions of Subchapter B of Chapter 5 (relating to practice and procedure of local agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. If the adjudication is not affirmed, the court may enter any order authorized by 42 Pa.C.S. § 706 (relating to disposition of appeals).

From this section, it is clear that the trial court's authority to remand or hear a case *de novo* is tied to a finding that a complete record was not made before the local agency. Only if the trial court determines that the record before the agency is incomplete, does it have discretion to determine the manner of implementing a deficient record. Section 754(a) of the Local Agency Law, 2 Pa.C.S. § 754(a); *Powell v. Middletown Township Board of Supervisors*, 782 A.2d 617 (Pa.Cmwlth.2001), *appeal denied*, 568 Pa. 730, 797 A.2d 918 (2002). Here, there was no such determination. To the contrary, the trial court's orders of October 14, 2002, and July 29, 2003, (R.R. at 11a–12a), evidence a finding by the trial court that the record made

---

9. This court's scope of review is limited to determining whether the trial court committed an error of law or an abuse of discretion. *Tinicum Township v. Jones*, 723 A.2d 1068 (Pa.Cmwlth.1998).

10. Hearings before local agencies are governed by the Local Agency Law, which does not provide for discovery or application of the Rules of Civil Procedure. *Appeal of Borough*

*of Churchill*, 525 Pa. 80, 575 A.2d 550 (1990); *Rhodes v. Laurel Highlands School District*, 118 Pa.Cmwlth. 119, 544 A.2d 562 (1988). We reject the trial court's suggestion that we can ignore this simply because the action is characterized as a Motion for Summary Judgment. (*See* trial ct. op. at 10, n. 11, RBAC's brief at Appendix A.)

before the RBAC on April 27, 2001, was complete and ripe for appellate review.

The specially presiding judge's concern that the record was deficient only begins at the June 24, 2003, oral argument on Colville's Motion for Summary Judgment, when Colville's counsel asserted that two other retirees had retired prior to Colville but had received the benefit of Act 85, and the RBAC's counsel incorrectly stated that one of the two had not received the benefit of the statutory cap removal. To the extent that the trial court belatedly concludes that the record now is incomplete because it contains no information on the two individuals named at the June 24, 2003, hearing, (*see* trial ct. op. at 14), we must disagree.

▮ The record before a local agency is full and complete if there is a complete and accurate record of the testimony taken so that the appellant is given a basis upon which he may appeal, and the appellate court has a sufficient record upon which to rule on questions presented. *Sparacino v. Zoning Board of Adjustment, City of Philadelphia*, 728 A.2d 445 (Pa.Cmwlth.1999); *Monaghan v. Board of School Directors of Reading School District*, 152 Pa.Cmwlth. 348, 618 A.2d 1239 (1992). Here, neither Colville nor the trial court disputes that the record made before the RBAC completely and accurately reflected the evidence presented at the April 27, 2001, hearing, providing a basis for Colville's appeal from the RBAC's decision. The record before the local agency is not considered incomplete based solely on the appellant's failure to present evidence available at the hearing. *Sparacino; Monaghan; City of Philadelphia v. Colangelo*, 13 Pa.Cmwlth. 594, 320 A.2d 429 (1974). Because the record before the RBAC was complete, the trial court lacked authority to remand the case so that Colville could present additional evidence of disparate treatment. The trial court has no authority under section 754(b) of the Local Agency Law to remand a matter to the local agency to give the appellant another opportunity to prove what he or she should have proved in the first place. *Powell; Sparacino; Monaghan; Colangelo; City of Philadelphia v. Murphy*, 13 Pa.Cmwlth. 630, 320 A.2d 411 (1974).[11]

▮ Moreover, remand is particularly unwarranted in this case, given the nature of the underlying issue: a purely legal question regarding the applicability of Act 85 to a County employee who retired prior to the passage and effective date of the legislation. Clearly the record made at the April 27, 2001, hearing was sufficient to support the RBAC's adjudication that Act 85 does not apply to Colville because he retired prior to its effective date. In fact, the trial court already decided in favor of the RBAC that Act 85 was not to be applied in this manner and "ruled out any error of law by RBAC."[12] (Trial ct. op.

---

**11.** The trial court appears to rely on the fact that the allegations made at the June 24, 2003, hearing on the Motion for Remand were de hors the record, thereby suggesting that the case record was incomplete. (Order of September 11, 2003, n. 1, R.R. at 11a; trial ct. op. at 14, n. 12.) However, there is no indication that Colville presented evidence to support his assertions of disparate treatment at the later hearing, and, even if he had done so, it would not change the fact that he could have presented that same evidence to the

RBAC at the April 27, 2001, hearing, where the record was made. See *Murphy*, wherein we stated that "where the claimant made no effort to introduce evidence on a material issue before the [local agency], although he then had the evidence available, the lower court should have treated the case as if a full and complete record had already been made below and should not have remanded." *Id.* at 415.

**12.** Section 754(b) of the Local Agency Law requires that the trial court affirm the local

at 15.) We understand the specially presiding judge's concerns and admire his attempt to resolve the dilemma in a prudent and fair manner; however, we also recognize that if Act 85 does not apply to Colville's retirement benefits as a matter of law, the remand would serve no practical purpose. Even if we were to allow the remand, and even if Colville were to establish that other retirees in cases factually analogous to his own received Act 85 benefits, Colville could not receive the remedy he seeks. He would have succeeded only in showing that those retirees received illegal benefits; obviously, the remedy is not for Colville also to receive an illegal benefit, but to stop the illegal benefit to those other retirees.[13]

Accordingly, we reverse.

Judge McGINLEY did not participate in the decision in this case.

Senior Judge FLAHERTY dissents.

### ORDER

AND NOW, this 18th day of June, 2004, the order of the Court of Common Pleas of Allegheny County, dated September 11, 2003, is hereby reversed.

---

agency adjudication unless "any finding of fact made by the agency *and necessary to support its adjudication* is not supported by substantial evidence." 2 Pa.C.S. § 754(b) (emphasis added). Therefore, even if discovery were to establish that the RBAC made factual findings that are not supported by the record, this merely would constitute harmless error where those findings would not be necessary for the legal determination here, which is a matter of statutory interpretation. *Monaghan.*

13. As borne out by his September 11, 2003, order and supporting opinion, the specially presiding judge did not alter his conclusion about the applicability of Act 85 to Colville, and this was not the basis for remand. Instead, the trial court determined that Colville has no legal entitlement to an enhanced retirement benefit, but remanded the case to determine, in essence, whether other similarly situated individuals had been granted an illegal benefit.