IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Kuziak,                                 :
                    Appellant                   :
                                                :   No. 2309 C.D. 2014
                    v.                           :
                                                :   Argued: September 14, 2015
Borough of Danville and Borough                 :
of Danville Rental Registration and             :
Property Maintenance Hearing Board              :


BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge


OPINION BY
JUDGE McCULLOUGH                                    FILED:  September 29, 2015


          Michael Kuziak appeals from the November 13, 2014 order of the Court of Common Pleas of the Twenty-Sixth Judicial District, Montour County Branch (trial court) denying his appeal from the decision of the Borough of Danville Rental Registration and Property Maintenance Hearing Board (Board) and directing him to pay rental registration fees for 2013 in the amount of $2,925.00, plus a civil penalty in the amount of $300.00.


                    **Facts and Procedural History**

          The underlying facts of this case are not in dispute.  Kuziak is the owner of 39 rental units in the Borough of Danville (Borough).  On December 13, 2011, the Borough enacted Ordinance 508, entitled "The Borough of Danville Rental Registration Ordinance."  (Reproduced Record (R.R.) at 6a.)  Ordinance 508 became effective January 1, 2012, and required owners of residential rental units in the Borough to apply for and obtain a rental occupancy license for each rental unit.  The

license had an annual term running from January 1 to December 31 of each respective calendar year. In order to obtain this license, owners were required to pay the Borough an annual license fee to be established by Borough resolution. For calendar year 2012, the Borough established an annual license fee of $75.00, with a $25.00 late fee for all fees paid after March 31. The failure to apply for a license and pay the necessary fees on or before July 31 constituted a violation of Ordinance 508, except for calendar year 2012, at which time a citation would be filed that would include the cost of the licensing fees.

On December 31, 2012, Kuziak submitted a payment to the Borough in the amount of $1,950.00, representing a payment of $50.00 for each of his 39 rental units.[1] On July 9, 2013, the Borough enacted Ordinance 513, which became effective immediately, and repealed Ordinance 508 in its entirety. Ordinance 513 created section 141 of the Borough Code, which reenacted the Borough's 2012 "Rental Registration Ordinance," with several additions, but imposed identical licensing fees.

By letter dated August 10, 2013, Kuziak forwarded a payment of $975.00 to the Borough for what he characterized as the "balance due of $25 per unit for 2013 Danville Borough Rental Registration." (R.R. at 82a.) Kuziak noted that he had previously submitted a payment of $1,950.00 to the Borough and stated that "[a]s you have an obligation to restore me and all other landlords who paid these fees to the status quo ante, I expect that this amount will be applied to 2013." *Id.* By letter dated August 23, 2013, Jackie Hart, the Borough's Code Administrator, acknowledged receipt of Kuziak's payment of $975.00 and repeal of Ordinance 508,

---

[1] The record is unclear as to why the Borough accepted Kuziak's payment of $50.00 per unit as payment in full for calendar year 2012, given that Ordinance 508 imposed a $75.00 fee per unit, or why the Borough failed to impose a late fee for his December 31, 2012 payment.

but reminded Kuziak that the new ordinance imposed identical fees, including a late fee of $25.00 for any fees paid after July 31.

After receiving no response, Hart sent Kuziak a formal notice of violation letter dated October 8, 2013, stating that he owed a fee of $100.00 for each of his 39 residential rental unit for 2013, a total of $3,900.00. After deducting the $975.00 submitted by Kuziak on August 10, Hart requested that Kuziak remit the balance of $2,925.00 within 20 days to avoid the issuance of a citation. Kuziak subsequently filed a notice of appeal with the Board, which held a hearing on November 13, 2013.

Kuziak testified at the hearing but did not present any evidence. He reiterated his previous allegation that the repeal of Ordinance 508 required the Borough to return him and all other landlords to the status quo, which includes a credit for his payment of $1,950.00 made under the prior ordinance. Kuziak testified as to his belief that Ordinance 508 was repealed because of improper publication. Kuziak also alleged that Ordinance 513, insofar as it requires all owners of residential rental units to register beginning with calendar year 2012, was retroactive and constituted an *ex post facto* law. Kuziak then stated that he was "not going to make anymore legal arguments here. I'm going to save that for the next level, if need be." (R.R. at 50a.)

Hart also testified before the board. She confirmed that Kuziak operates 39 residential rental units in the Borough and that he registered and paid the necessary fees for each of these units in calendar year 2012. Hart stated that while Kuziak owed fees totaling $3,900.00 for his 2013 rental registrations, he had only remitted a payment in the amount of $975.00 in August 2013. Hart identified the letter she received from Kuziak with this payment, as well as the follow-up letters she sent to him stating that he still owed $2,925.00 for calendar year 2013. On cross-

examination, Hart noted that Ordinance 513 was enacted on July 9, 2013, and that it repealed Ordinance 508 in its entirety. On re-direct examination, Hart testified that Ordinance 508 remained in effect until its repeal and that Ordinance 513 imposed the identical fee schedule. The letters identified by Hart were then admitted into evidence before the Board without objection.

At the conclusion of the hearing, the Board voted to deny Kuziak's appeal. Five days later, on November 18, 2013, the Board issued a written decision addressing the findings referenced above. Citing section 1976 of the Statutory Construction Act of 1972 (Statutory Construction Act), 1 Pa.C.S. §1976, the Board concluded that the repeal of Ordinance 508 at the time that Ordinance 513 was enacted did not affect "any act done, or right existing or accrued, or affect any civil action pending to enforce any right under the authority of the ordinance repealed. The enforcement of the provisions regarding fees for rental registration may be enforced by the Code Enforcement Officer under the repealed Ordinance, or under the provisions of the new Ordinance." (R.R. at 91a.) The Board further concluded that under either ordinance provision, Kuziak owed $3,900.00 for his 2013 rental registration fees, with a balance due and owing of $2,925.00.

Kuziak thereafter filed an appeal with the trial court, alleging that: 1) the Board's decision was arbitrary and capricious; 2) the Board erred in failing to conclude that he was entitled to credit for the fees he paid in 2012; 3) Ordinance 513 was retroactive and, hence, invalid; and 4) Ordinance 508 was void as it was enacted in violation of Pennsylvania's Sunshine Act, 65 Pa.C.S §§701-716, i.e., advertisement of a public meeting relating to this ordinance was not published in the newspaper of general circulation with the largest paid circulation in the Borough.

The Board forwarded the record to the trial court on February 10, 2014. The trial court heard argument, off the record, on October 9, 2014, at which time the

4

trial court directed the parties to brief the issues. By opinion and order dated November 13, 2014, the trial court denied Kuziak's appeal and directed him to pay rental registration fees for 2013 in the amount of $2,925.00, plus a civil penalty in the amount of $300.00. The trial court addressed the issues raised by Kuziak in reverse order. The trial court first held that Ordinance 508 was valid and enforceable as Kuziak "presented absolutely no evidence that [the Borough] failed to properly advertise the meeting at which Ordinance 508 was adopted, as required by the Sunshine Act. The transcript is devoid of any discussion of that issue in any regard." (R.R. at 94a.) Citing section 1976 of the Statutory Construction Act, the trial court stated that Ordinance 508 remained enforceable "through and to the date of its repeal on July 9, 2013, and amounts continue to be collectible after that date for time periods prior to that date." (R.R. at 95a.)

Since amounts due under Ordinance 508 continued to be collectible for time periods prior to July 9, 2013, and amounts due under Ordinance 513 were collectible for time periods after its adoption on that date, the trial court concluded that Ordinance 513 was not retroactive. Hence, the trial court held that Kuziak's third issue was moot and irrelevant. The trial court also held that Kuziak's second issue must fail because the fees set forth in both ordinances remained due and owing at all relevant times. Finally, the trial court held that the Board's decision was not arbitrary or capricious because the Board was correct in denying Kuziak a credit.

Kuziak filed a notice of appeal with the trial court. In his statement of errors complained of on appeal, Kuziak alleged that the trial court erred in failing to conclude that Ordinance 508 was enacted in violation of the Sunshine Act and that Ordinance 513 was retroactive. Kuziak also alleged that the trial court erred in failing to conclude that application of either ordinance "[i]mpairs the obligations of residential lease contracts, violating the United States and Pennsylvania

5

constitutions" and/or violates the rights of renters under the Fourth and Fourteenth Amendments.

Kuziak further alleged that the trial court erred in failing to conclude that either ordinance was unreasonable for a myriad of other reasons, including that they were overbroad; improperly imposed vicarious liability on owners for the behavior of tenants; improperly authorized the withholding of an occupancy license if the Borough maintains a municipal claim against an owner; improperly authorizes the suspension, revocation, or withholding of an occupancy license as a means of collecting a municipal debt; punishes owners/renters who exercise their right to refuse warrantless searches or First Amendment rights; and improperly mandates evictions for ordinance violations. The trial court issued an opinion in accordance with Rule 1925(a)(1) of the Pennsylvania Rules of Appellate Procedure incorporating its previous opinion dated November 13, 2014.

## Discussion
### Section 754 of the Local Agency Law

On appeal,[2] Kuziak first argues that the trial court erred and/or abused its discretion in failing to conduct a *de novo* hearing regarding the alleged procedural defects in the enactment of Ordinance 508. We disagree.

Section 754 of the Local Agency Law sets forth the following procedure to be followed by a court of common pleas in reviewing a local agency decision:

---

[2] When the trial court does not take additional evidence, our scope of review of a local agency's adjudication is limited to determining whether constitutional rights were violated, an error of law was committed, or the necessary factual findings are supported by substantial evidence. *Spencer v. City of Reading Charter Board*, 97 A.3d 834, 839 (Pa. Cmwlth. 2014); 2 Pa.C.S. §754(b). An agency abuses its discretion when its findings of fact are not supported by substantial evidence. *Residents Against Matrix v. Lower Makefield Township*, 845 A.2d 908, 910 (Pa. Cmwlth. 2004).

6

(a) Incomplete record. --In the event a full and complete record of the proceedings before the local agency was not made, the court may hear the appeal de novo, or may remand the proceedings to the agency for the purpose of making a full and complete record or for further disposition in accordance with the order of the court.

(b) Complete record. --In the event a full and complete record of the proceedings before the local agency was made, the court shall hear the appeal without a jury on the record certified by the agency. After hearing the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of Subchapter B of Chapter 5 (relating to practice and procedure of local agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. If the adjudication is not affirmed, the court may enter any order authorized by 42 Pa.C.S. §706 (relating to disposition of appeals).

2 Pa.C.S. §754(a)-(b). Kuziak asserts that section 754 requires a court of common pleas to either hold a *de novo* hearing under section 754(a) or hold a hearing to take testimony and evidence solely on his allegations of error under section 754(b). Kuziak misinterprets these provisions.

A trial court is not obligated to conduct a *de novo* hearing unless a full and complete record of the proceedings was not made before the local agency. *Geissler v. Board of Commissioners of Upper Dublin Township*, 463 A.2d 1284, 1286 (Pa. Cmwlth. 1983). This Court has defined a "full and complete record" as "a complete and accurate record of the testimony taken so that the appellant is given a base upon which he may appeal and, also, that the appellate court is given a sufficient record upon which to rule on the questions presented." *In re Thompson*, 896 A.2d 659, 668 (Pa. Cmwlth. 2006), *appeal denied*, 916 A.2d 636 (Pa. 2007) (citations

7

omitted). Only if the trial court determines that the record before the agency is incomplete, does it have discretion to hear the appeal *de novo* or remand to the local agency. *Retirement Board of Allegheny County v. Colville*, 852 A.2d 445, 450 (Pa. Cmwlth. 2004).

Situations in which a record has been deemed incomplete include such instances where the record fails to contain a transcript of the proceedings before the local agency, *McLaughin v. Centre County Housing Authority*, 616 A.2d 1073 (Pa. Cmwlth. 1992), or where a party refuses to provide relevant and necessary documentation to the local agency, *School District of the City of Erie v. Hamot Medical Center*, 602 A.2d 407 (Pa. Cmwlth. 1992).[3] However, "[t]he record before the local agency is not considered incomplete based solely on [a party's] failure to present evidence available at the hearing." *Colville*, 852 A.2d at 451. Indeed, in *Colville*, we stated that "[t]he trial court has no authority under section 754(b) of the Local Agency Law to remand a matter to the local agency to give the appellant another opportunity to prove what he or she should have proved in the first place." *Id.* (citations omitted).

In the present case, the Board conducted a hearing on November 13, 2013. Kuziak testified at this hearing and was provided with a full opportunity to address any arguments he wished to raise and present evidence in support thereof. However, Kuziak himself opted to limit his testimony and not present any evidence during the Board's hearing.[4] The hearing also included testimony from Hart. The

---

[3] The adequacy of the local agency's record is a matter committed to the discretion of the trial court. *City of Philadelphia v. Murphy*, 320 A.2d 411, 414 (Pa. Cmwlth. 1975).

[4] The lack of testimony or supporting evidence relating to Kuziak's allegations of illegality and unconstitutionality of Ordinance 508 or 513 does not, as Kuziak asserts, render the Board's proceedings incomplete. Again, Kuziak had every opportunity to present the same.

Board forwarded the record, including the full transcript of its hearing, to the trial court. Upon review of the record, the trial court properly concluded that the same was full and complete and that neither a *de novo* hearing nor a remand was necessary under section 754(a) of the Local Agency Law.

The trial court proceeded with its review under section 754(b). Contrary to Kuziak's assertion, this section does not require the trial court to conduct a hearing and receive further testimony and evidence. Indeed, such actions are belied by the heading of this section, "Complete record." Rather, section 754(b) merely requires the trial court to allow the parties to present their respective arguments as to why the local agency erred. The trial court conducted a hearing on October 9, 2014, at which time the trial court directed the parties to address the issues by way of briefs. Because the trial court properly applied section 754 of the Local Agency Law, the trial court did not err or abuse its discretion in failing to conduct a *de novo* hearing.

### Ordinance 508 - Sunshine Act

Next, Kuziak argues that the trial court erred and/or abused its discretion in dismissing his argument that Ordinance 508 was not properly advertised and, hence, was void *ab initio*. Again, we disagree.

As the trial court noted, Kuziak, as the party challenging the validity of an ordinance, had the burden of proof,[5] but he presented "absolutely no evidence that [the Borough] failed to properly advertise the meeting at which Ordinance 508 was adopted, as required by the Sunshine Act. The transcript is devoid of any discussion of that issue in any regard." (Trial court op. at 2; R.R. at 94a.) Moreover, we note

---

[5] *See Penn Street, L.P. v. East Lampeter Township Zoning Hearing Board*, 84 A.3d 1114, 1134 (Pa. Cmwlth.), *appeal denied*, 99 A.3d 78 (Pa. 2014) ("The burden of proof is on the party challenging the ordinance. . . .")

that such a challenge would have been untimely under section 713 of the Sunshine Act, 65 Pa.C.S. §713, or section 5571.1(b)(1) of the Judicial Code, 42 Pa.C.S. §5571.1(b)(1).[6]

Section 713 of the Sunshine Act states that:

A legal challenge under this chapter shall be filed within 30 days from the date of a meeting which is open, or within 30 days from the discovery of any action that occurred at a meeting which was not open at which this chapter was violated, provided that, in the case of a meeting which was not open, no legal challenge may be commenced more than one year from the date of said meeting. The court may enjoin any challenged action until a judicial determination of the legality of the meeting at which the action was adopted is reached. Should the court determine that the meeting did not meet the requirements of this chapter, it may in its discretion find that any or all official action taken at the meeting shall be invalid. Should the court determine that the meeting met the requirements of this chapter, all official action taken at the meeting shall be fully effective.

65 Pa.C.S. §713. Section 5571.1(b)(1) similarly provides that "[a]ny appeal raising questions relating to an alleged defect in statutory procedure shall be brought within 30 days of the intended effective date of the ordinance." 42 Pa.C.S. §5571.1(b)(1).

In the present case, Ordinance 508 was enacted by the Borough at a meeting held on December 13, 2011, and became effective on January 1, 2012. The record does not contain any allegation by Kuziak that the December 13, 2011 hearing was closed to the public. In any event, Kuziak was obviously aware of Ordinance 508 when he submitted his 2012 rental registrations and rental occupancy license fees to the Borough on December 31, 2012. However, Kuziak only first challenged the validity of Ordinance 508 at the Board's November 13, 2013 hearing, well in excess of the 30-day limitations under either section 713 of the Sunshine Act or section

_____

[6] Added by the Act of July 4, 2008, P.L. 325.

10

5571.1(b)(1) of the Judicial Code. Because Kuziak failed to present any evidence in support of his validity challenge to Ordinance 508, and it appears that any such challenge was untimely, the trial court did not err or abuse its discretion in dismissing his argument that Ordinance 508 was not properly advertised and, hence, void *ab initio*.

## Ordinance 513 - Retroactivity

Next, Kuziak argues that the trial court erred and/or abused its discretion in failing to conclude that Ordinance 513 was retroactive when its terms specify that rental registrations and rental occupancy license fees were due beginning with calendar year 2012. Once more, we disagree.

"A retroactive law is one which relates back to and gives a previous transaction a legal effect different from that which it had under the law in effect when it transpired." *Sher v. Berks County Board of Assessment Appeals*, 940 A.2d 629, 635 (Pa. Cmwlth. 2008) (citation omitted). This Court has held that "[a] law is given retroactive effect when it is used to impose new legal burdens on a past transaction or occurrence." *R&P Services, Inc. v. Commonwealth, Department of Revenue*, 541 A.2d 432, 434 (Pa. Cmwlth. 1988). However, section 1926 of the Statutory Construction Act provides that "no statute may be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." 1 Pa.C.S. §1926.

In the present case, section 141.4.6.A of Ordinance 513 states that "[a]ll owners of residential units must register the units with the Code Enforcement Officer beginning with the calendar year 2012." (R.R. at 32a.) Since Ordinance 513 was enacted on July 9, 2013, Kuziak asserts that this provision renders Ordinance 513 retroactive. Kuziak further contends that a logical reading of this provision would allow the Borough to impose fees from 2012 and forward on any newly converted or

constructed residential rental units. However, Kuziak misinterprets this provision. Section 141.4.6.A merely provides that beginning with calendar year 2012, any owner of a residential rental unit must register that unit and pay the appropriate fees. This provision does not impose retroactive fees on new rental units, does not give different effect to Kuziak's obligations with respect to his residential rental units, and does not impose new legal burdens on Kuziak.

As both the Board and trial court noted, Ordinance 508 and Ordinance 513 imposed identical registration requirements and fee schedules. Moreover, both the Board and the trial court relied on section 1976(a) of the Statutory Construction Act, which states as follows:

> The repeal of any civil provisions of a statute shall not affect or impair any act done, or right existing or accrued, or affect any civil action pending to enforce any right under the authority of the statute repealed. Such action may be proceeded with and concluded under the statutes in existence when such action was instituted, notwithstanding the repeal of such statutes, or such action may be proceeded with and concluded under the provisions of the new statute, if any, enacted.

1 Pa.C.S. §1976. Our Supreme Court has stated that "[w]hile the Statutory Construction Act is not expressly applicable to the construction of local ordinances, the principles contained therein are nevertheless useful." *Philadelphia Eagles Football Club, Inc. v. City of Philadelphia*, 823 A.2d 108, 127 n.31 (Pa. 2003).

Applying these principles here, Ordinance 508 remained enforceable through and to its date of repeal on July 9, 2013. Any amounts due under Ordinance 508 continued to be collectible subsequent to July 9, 2013, for time periods prior to that date. Further, any amounts due under Ordinance 513 were collectible for time periods after its adoption on July 9, 2013. Kuziak's registrations and fees became due and owing as of January 1, 2013. However, Kuziak did not pay any fees until

12

August 10, 2013, at which time Ordinance 513 was in effect. Consistent with section 1976 of the Statutory Construction Act, the Borough could proceed under either ordinance to collect the fees. Because Ordinance 513 did not impose retroactive fees or impose new legal burdens, and Kuziak's obligations remained the same under both Ordinance 508 and Ordinance 513, the trial court did not err or abuse its discretion in concluding that Ordinance 513 was not retroactive.

**Ordinance 513 – Constitutional Claims**

Finally, Kuziak argues that the trial court erred and/or abused its discretion in failing to conclude that Ordinance 513 impairs the obligations of residential lease contracts, thereby violating Article I, section 10 of the United States Constitution and Article I, section 17 of the Pennsylvania Constitution. In the course of this argument, Kuziak raises several additional constitutional claims, including that Ordinance 513 violates the separation of powers doctrine by the legislative taking of property interests without due process of law, deprives residential rental property owners of their vested rights under the United States and Pennsylvania Constitutions, and violates the protections provided by the Fourth Amendment to be free from unreasonable searches and seizures.

However, as the Borough notes, Kuziak did not raise these issues, or present any evidence in support of these arguments, before the Board, nor did he address these issues in his appeal to the trial court. Kuziak first raised these issues in his concise statement of errors complained of on appeal submitted to the trial court. The law is well settled that issues not raised before the trial court cannot be raised for the first time on appeal or in a Rule 1925(b) statement of errors complained of on appeal. Pa.R.A.P. 302(a); *Orange Stones Co. v. City of Reading*, 32 A.3d 287 (Pa. Cmwlth. 2011).

13

Accordingly, the order of the trial court is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Kuziak,      :
     Appellant   :
           :  No. 2309 C.D. 2014
    v.      :
           :
Borough of Danville and Borough :
of Danville Rental Registration and :
Property Maintenance Hearing Board :

## *ORDER*

   AND NOW, this 29th day of September, 2015, the order of the Court of Common Pleas of the Twenty-Sixth Judicial District, Montour County Branch, dated November 13, 2014, is hereby affirmed.

          _____
          PATRICIA A. McCULLOUGH, Judge