IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kelly Dutton,                                  :
                                               : No. 108 C.D. 2016
                    Appellant                  : No. 109 C.D. 2016
                                               : No. 110 C.D. 2016
                    v.                         : Submitted: November 10, 2016
                                               :
Tax Review Board                               :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                FILED:  March 2, 2017


Kelly Dutton (Landowner) appeals *pro se* the orders of the Philadelphia County Court of Common Pleas (trial court) affirming the decisions of the City of Philadelphia's (City) Tax Review Board (Board), which abated half of the interest and all of the penalties imposed on the overdue real estate taxes owed on Landowner's properties located at 5601 Warrington Avenue, 48 North 51st Street, and 5518 Market Street in the City (collectively, Properties).  We affirm.

On April 8, 2014, Landowner filed with the Board an appeal of the overdue taxes, including interest and penalties, owed on the Properties for the years 2003 through 2012.[1]  Following hearing before a Master, on August 1, 2014,

_____

[1] Section 19-1705(2) of the Philadelphia Code states:

**(Footnote continued on next page…)**

the Board issued decisions abating the penalties imposed for the years 2008 through 2012. Landowner requested a rehearing and, following a hearing before the full Board, on October 7, 2014, the Board issued decisions abating the penalties and half of the interest imposed for the years 2008 through 2012. Landowner appealed the Board's decisions to the trial court and, following oral argument, the trial court affirmed.[2]

The sole claim raised by Landowner in these consolidated appeals[3] is that the Board erred in failing to consider appraisals and pictures of the Properties in issuing its decisions. However, our review of the transcript of the Board hearing reveals that Landowner never sought to introduce this evidence to the Board. *See* N.T. 10/7/14[4] at 2-19. As a result, it cannot be said that the Board erred in failing to consider evidence that was never offered for its consideration.[5]

---

**(continued…)**

> (2) Upon the filing of any petition for the waiver of interest and penalties accruing upon any unpaid money or claim collectible by the Department of Revenue, for or on behalf of the City or the School District of Philadelphia, the [Board] may abate in whole or in part interest or penalties, or both, where in the opinion of the Board the petitioner acted in good faith, without negligence and no intent to defraud.

[2] Where the trial court takes no additional evidence, our review is limited to determining whether constitutional rights were violated, whether an error of law was committed and whether the Board's findings of fact are supported by substantial evidence. *City of Philadelphia v. Tax Review Board*, 901 A.2d 1113, 1116 n.3 (Pa. Cmwlth. 2006).

[3] To the extent that Landowner raises an additional issue in the Statement of Questions Involved portion of his appellate brief, it has been waived for purposes of appeal because it is not addressed or developed in the Argument portion of that brief. Pa. R.A.P. 2119; *Harvilla v. Delcamp,* 555 A.2d 763, 764 n.1 (Pa. 1989).

[4] "N.T. 10/7/14" refers to the transcript of the Board's October 7, 2014 hearing.
**(Footnote continued on next page…)**

2

[5] Landowner does not argue that the trial court erred or abused its discretion in failing to consider the matter *de novo* or in failing to remand the matter to the Board for the admission and consideration of this evidence. Nevertheless, we discern no trial court error in this regard. Section 754 of the Local Agency Law states, in relevant part:

> **(a) Incomplete record.**—In the event a full and complete record of the proceedings before the local agency was not made, the court may hear the appeal de novo, or may remand the proceedings to the agency for the purpose of making a full and complete record or for further disposition in accordance with the order of the court.
>
> **(b) Complete record.**—In the event a full and complete record of the proceedings before the local agency was made, the court shall hear the appeal without a jury on the record certified by the agency.

2 Pa. C.S. §754.

> As this Court has explained:
>
> A trial court is not obligated to conduct a *de novo* hearing unless a full and complete record of the proceedings was not made before the local agency. This Court has defined a 'full and complete record' as 'a complete and accurate record of the testimony taken so that the appellant is given a base upon which he may appeal and, also, that the appellate court is given a sufficient record upon which to rule on the questions presented.' Only if the trial court determines that the record before the agency is incomplete, does it have discretion to hear the appeal *de novo* or remand to the local agency.
>
> Situations in which a record has been deemed incomplete include such instances where the record fails to contain a transcript of the proceedings before the local agency, or where a party refuses to provide relevant and necessary documentation to the local agency. However, '[t]he record before the local agency is not considered incomplete based solely on [a party's] failure to present evidence available at the hearing.' Indeed, we [have] stated that

**(Footnote continued on next page…)**

Accordingly, the trial court's orders are affirmed.


_____
MICHAEL H. WOJCIK, Judge

> '[t]he trial court has no authority under section 754(b) of the Local Agency Law to remand a matter to the local agency to give the appellant another opportunity to prove what he or she should have proved in the first place.'

*Kuziak v. Borough of Danville*, 125 A.3d 470, 475-76 (Pa. Cmwlth. 2015) (citations and footnote omitted). The determination of whether a local agency's record is adequate is a matter committed to the discretion of the court of common pleas. *Id.* at 475 n.3. Because Landowner never sought to introduce the appraisals or pictures at the Board hearing, the trial court did not abuse its discretion in refusing to consider this evidence on appeal or in failing to remand the matter to the Board to permit its admission. *Id.*

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kelly Dutton,                          :
                                       : No. 108 C.D. 2016
              Appellant    : No. 109 C.D. 2016
                                       : No. 110 C.D. 2016
         v.                            :
                                       :
Tax Review Board                       :


O R D E R


AND NOW, this 2nd day of March, 2017, the orders of the Philadelphia County Court of Common Pleas dated October 6, 2015, at Nos. 00735 November Term, 2014, 00741 November Term, 2014, and 00748 November Term, 2014, are AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge