IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Tax Parcel No. | : | |
| 1030-K13-683-00008 | : | |
| | : | No. 574 C.D. 2022 |
| | : | |
| Appeal of: Laura E. Ordaz Moreno | : | Submitted: February 17, 2023 |

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                   FILED: April 18, 2023

Appellant Laura E. Ordaz Moreno (Ordaz Moreno), *pro se*, appeals from the Court of Common Pleas of Clearfield County's (Common Pleas) order, docketed on May 31, 2022, through which Common Pleas granted Appellee Kelly Padisak's (Padisak) Petition to Disapprove Sale of Bigler Township Property Map. No. 1030-K13-683-00008 (Petition to Disapprove). We affirm.

## I. Background

This matter involves Tax Parcel No. 1030-K13-683-00008 (Property), which consists of four lots of vacant land in Clearfield County. Common Pleas Op. at 1. At some point in the recent past, the Clearfield County Tax Claim Bureau (Bureau) exposed the Property for public sale, due to the fact that taxes on the Property had been in arrears since 2014. *See id.* The Bureau did not receive any successful bids for the Property, prompting the Bureau to make the Property available for private sale in 2017. *Id.* In 2022, Ordaz Moreno offered to pay the Bureau $400 for the Property. *Id.* The Bureau accepted Ordaz Moreno's offer and publicly advertised its

intent to consummate the sale, as required by Section 613(a) of the Real Estate Tax Sale Law (RETSL).[1]

On May 6, 2022, Padisak filed her Petition to Disapprove,[2] through which she objected to the pending sale of the Property on the basis that Ordaz Moreno's offer

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.613(a). Per Section 613(a), in relevant part:

> At any time after any property has been exposed to public sale and such property was not sold because no bid was made equal to the upset price, as hereinbefore provided, and whether or not proceedings are initiated pursuant to sections 610 through 612.1 [of RETSL], [a tax claim] bureau may, on its own motion, and shall, on the written instructions of any taxing district having any tax claims or tax judgments against said property, agree to sell the property at private sale, at any price approved by the bureau. Notice of the proposed sale, stating the price and the property proposed to be sold, shall be given to each such taxing district and to the owner of the property. Notice shall also be given by publication at least two (2) times, with approximately ten (10) days intervening between each publication, in at least one (1) newspaper of general circulation published in the county where the property is located and in the official legal journal of that county. The notice by publication shall set forth the location of the property, the date and place of sale, the price and terms of sale, and the provision that the property will be sold free and clear of all tax claims and tax judgments.

72 P.S. § 5860.613(a).

[2] Padisak's challenge was permitted by Section 613(a) of RETSL, which provides, in relevant part:

> The corporate authorities of any taxing district having any tax claims or tax judgments against the property which is to be sold, the owner, an interested party, or a person interested in purchasing the property may, if not satisfied that the sale price approved by the bureau is sufficient, within forty-five (45) days after notice of the proposed sale, petition the court of common pleas of the county to disapprove the sale. The court shall, in such case, after notice to each such

**(Footnote continued on next page…)**

of $400 was less that the Property's market value. Reproduced Record (R.R.) at 1a-6a. On May 23, 2022, Common Pleas convened a hearing regarding the Petition to Disapprove. *Id.* at 7a.[3] Ordaz Moreno appeared at this hearing and spoke in opposition to the Petition to Disapprove. In doing so, Ordaz Moreno told Common Pleas that she had previously been friends with Padisak, but that their relationship had completely deteriorated, to the point that Ordaz Moreno believed that Padisak's interest in the Property was based solely on her desire to "screw" Ordaz Moreno by impeding the proposed sale. *See id.* at 11a-15a, 20a-21a. Additionally, Ordaz Moreno presented Common Pleas with case law that she believed supported her position that the Petition to Disapprove should not be granted. *See id.* at 17a-19a. At the close of the hearing, Common Pleas expressed its intent to grant the Petition to Disapprove and directed the Bureau to hold a private auction for the Property, at which Ordaz Moreno and Padisak would be the sole bidders and the minimum bid amount would be $600. *Id.* at 22a. Ordaz Moreno expressed her intent to appeal this decision and, as a result, Common Pleas directed the Bureau to schedule the auction no sooner than 30 days from the date of the hearing and informed the parties that the matter would be stayed in the event such an appeal was taken. *Id.* at 22a-23a.

Common Pleas then issued a formal order granting the Petition to Disapprove on May 24, 2022, and then docketed an amended order on May 31, 2022, that was virtually identical to the original, and only served to correct a typographical error. *See id.* at 25a-26a. Ordaz Moreno responded by filing her appeal with our Court on

---

taxing district, the owner, the bureau, the purchaser and any other person who has joined in the petition, hear all parties.

72 P.S. § 5860.613(a).

[3] The amount of unpaid taxes on the Property was, as of the date of this hearing, $1,580.73. R.R. at 13a.

3

June 9, 2022. On June 13, 2022, Common Pleas issued another order, through which it instructed Ordaz Moreno to file a statement of errors complained of on appeal (Statement of Errors) within 21 days, whereupon Ordaz Moreno complied with that order on July 5, 2022. The Bureau, Ordaz Moreno, and Padisak have each filed appellate briefs with our Court and, as such, this matter is ready for disposition.

## II. Discussion

On appeal, Ordaz Moreno asserts a multitude of arguments in support of her position that Common Pleas improperly granted the Petition to Disapprove, which we reorder and summarize as follows. First, she claims that she was never properly served with the Petition to Disapprove, in violation of Section 613 of RETSL, Local Rules of Civil Procedure 206.1 and 206.4, and her constitutional right to due process. Ordaz Moreno's Br. at 12-18. Second, she asserts that Common Pleas prevented her from presenting evidence and witnesses at the May 23, 2022 hearing, in contravention of her due process rights. *Id.* at 25-27. Third, she alleges that Common Pleas exhibited bias and committed judicial misconduct by asking a local police chief about the state of affairs between her and Padisak shortly after the May 23, 2022 hearing. *Id.* at 22-23. Finally, she maintains that Common Pleas abused its discretion and committed errors of law by misapplying case law and RETSL, misconstruing the factual record, and failing to properly weigh all of the considerations at play in this situation. *Id.* at 18-25.

Ordaz Moreno has waived her first three claims, due to her failure to raise any of them in a timely and procedurally proper fashion. "The law is well settled that issues not raised before the trial court cannot be raised for the first time on appeal or in a Rule 1925(b) statement of errors complained of on appeal. Pa. R.A.P. 302(a);

4

*Orange Stones Co. v. City of Reading*, 32 A.3d 287 (Pa. Cmwlth. 2011)." *Kuziak v. Borough of Danville*, 125 A.3d 470, 478-79 (Pa. Cmwlth. 2015). "Pennsylvania courts have consistently applied this rule . . . [and it is well settled that an] appellate court may *sua sponte* refuse to address an issue raised on appeal that was not raised and preserved below[.]" *Siegfried v. Borough of Wilson*, 695 A.2d 892, 894 (Pa. Cmwlth. 1997) (citations omitted). In this instance, Ordaz Moreno did not raise any notice or service-related issues when she appeared before Common Pleas, or seek to present evidence or witnesses beyond that which she was freely permitted to offer at the May 23, 2022 hearing. Furthermore, she neglected to include her allegations of bias and judicial misconduct in her Statement of Errors. Consequently, she did not properly preserve any of these issues for appellate consideration, rendering them waived.

With regard to Ordaz Moreno's remaining issue, we do not agree that Common Pleas abused its discretion or committed an error of law by granting the Petition to Disapprove. When dealing with a challenge of this nature to a tax claim bureau's proposed private sale, a court of common pleas

> *may either confirm or disapprove the sale as to it appears just and proper*. If the sale is disapproved, the court shall at the same time fix a price below which such property shall not be sold and order that, if no private sale can be arranged, the property be sold at public judicial sale under this act. *If more than one party agrees to pay the minimum price set by the court, the court shall direct the* [*tax claim*] *bureau to conduct an auction-style bid of the property among the parties to the proceedings*. If only one party agrees to pay the minimum price set by the court, the bureau shall sell the property to that party without the necessity of an auction.

72 P.S. § 5860.613(a) (emphasis added). As we have held in the past, a court of common pleas has broad discretion in this type of situation, and "should look at *all*

5

*the circumstances* to determine whether to approve or disapprove the sale as it deems just and proper." *Fieg v. Somerset Cnty. Tax Claim Bureau*, 658 A.2d 476, 479 (Pa. Cmwlth. 1995) (emphasis in original).[4] That is precisely what Common Pleas did in this instance, as it explained at length in its opinion:

> As required, [Common Pleas] considered all factors presented by all people present at the [May 23, 2022] hearing. [Common Pleas] is sympathetic [sic] with [Ordaz] Moreno that she has saved money for a significant time to purchase the [P]roperty. [Common Pleas] is also sympathetic [sic] with [Ordaz] Moreno that [her] relationship [with Padisak] appears to be hostile. However, those are not the only factors to be considered. The amount of delinquent taxes owed on the [P]roperty is $1,580.73; [Ordaz] Moreno's bid will not cover even one-third of the amount owed to the tax authorities. Additionally, the . . . Bureau agreed [at the hearing] that this is a situation where [it] would request an a[u]ction because [Ordaz Moreno's] original bid did not fully cover the delinquent amount. The . . . [Bureau] further posited that [Ordaz Moreno's] bid did not equal the fair market value of the [P]roperty because there was an offer [from Padisak] to pay an amount higher than the accepted bid. The ability of [Clearfield] County to be reimbursed a higher amount of the delinquent taxes was an additional factor that was taken into account when [Common Pleas] made its determination.

Common Pleas Op. at 4-5. This is exactly the kind of reasoned determination that is required by Section 613(a) of RETSL, and which represents a valid and thoughtful exercise of a court of common pleas' discretionary authority. Accordingly, we have

---

[4] As we explained in *Fieg*, a court may even "disapprove [a] private tax sale . . . where the [private party's] bid equals the upset price and . . . though none of the taxing authorities object[,]" as long as "the circumstances warrant it." 658 A.2d at 478-79.

no basis to conclude that Common Pleas abused its discretion or committed an error of law when granting the Petition to Disapprove.[5]

### III. Conclusion

In keeping with the foregoing analysis, we affirm Common Pleas' May 31, 2022 order.

_____
ELLEN CEISLER, Judge

---

[5] We note that there is no evidence in the record establishing that either Ordaz Moreno or Padisak agreed to pay at least $600 for the Property, *i.e.*, the minimum bid amount set by Common Pleas for the private auction. However, as none of the parties saw fit to challenge Common Pleas' May 31, 2022 order on that basis, we will not reach the question of whether it was proper under Section 613(a) of RETSL for Common Pleas to direct that the auction be held.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Tax Parcel No.                    :
1030-K13-683-00008                       :
                                         :  No. 574 C.D. 2022
                                         :
Appeal of: Laura E. Ordaz Moreno         :

# O R D E R

AND NOW, this 18th day of April, 2023, it is hereby ORDERED that the Court of Common Pleas of Clearfield County's May 31, 2022 order is AFFIRMED.

_____
ELLEN CEISLER, Judge