IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Andrew Fullman | : | |
| | : | |
| v. | : | |
| | : | |
| Appeal from Decision of Bureau of | : | |
| Administrative Adjudication | : | |
| | : | No. 1026 C.D. 2023 |
| Appeal of: Andrew Fullman | : | Submitted: May 6, 2025 |


BEFORE: HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                         FILED: June 13, 2025


Andrew Fullman (Fullman) appeals pro se from the Philadelphia County Common Pleas Court's (trial court) August 14, 2023 order granting the City of Philadelphia's (City) Motion to Dismiss his appeal (Motion) from the City, Bureau of Administrative Adjudication (BAA) decision that upheld his violation of Section 12-1005(1) of the Philadelphia Traffic Code[1] (Traffic Code). Essentially, there is only one issue before this Court: whether Fullman waived all issues on appeal because he failed to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement).[2] After review, this Court remands this matter to the trial court.

---

[1] Phila., Pa., Traffic Code § 12-1005(1) (effective May 6, 1958) (pertaining to use of parking                                              meters).                                    *See* https://codelibrary.amlegal.com/codes/philadelphia/latest/philadelphia_pa/0-0-0-284741 (last visited June 12, 2025).

[2] Fullman raises 24 separate issues in his brief to this Court, including the substantive issues of his appeal, claims of discrimination, and challenges to the trial court's conduct during the hearing. *See* Fullman Br. at 4-6. Because the issue of whether Fullman waived all issues on appeal

On September 10, 2021, the Philadelphia Parking Authority (Authority) issued Fullman a parking citation (Ticket) for violating Section 12-1005(1) of the Traffic Code - failure to pay the designated fee to use a parking meter (September 2021 Ticket).[3] The Authority assessed a $36.00 civil penalty for the September 2021 Ticket. On September 13, 2021, Fullman appealed from the September 2021 Ticket, requesting a hearing before a BAA hearing examiner and submitting evidence to refute the September 2021 Ticket.[4] Therein, Fullman referenced his vehicle's

<hr>

because he failed to file a Rule 1925(b) Statement is dispositive, this Court addresses only that issue.

[3] Fullman's vehicle displays a handicapped license plate and Fullman has a handicapped parking placard.

[4] Fullman argued that pursuant to Section 3354(d)(1) of the Vehicle Code, 75 Pa.C.S. § 3354(d)(1), and Section 12-1117(2)(a) of the Traffic Code, he was lawfully parked. Section 3354(d)(1) of the Vehicle Code provides:

> When a motor vehicle bearing a person with a disability or severely disabled veteran plate or displaying a person with a disability or severely disabled veteran parking placard as prescribed in this title is being operated by or for the transportation of the person with a disability or severely disabled veteran, the driver shall be relieved of any liability for parking for a period of 60 minutes in excess of the legal parking period permitted by local authorities[,] except where local ordinances or police regulations provide for the accommodation of heavy traffic during morning, afternoon[,] or evening hours.

75 Pa.C.S. § 3354(d)(1).

Section 12-1117(2)(a) of the Traffic Code states:

> (2) *Exemption for physically handicapped persons and disabled or severely-disabled veterans from parking time limits and parking meter fees.*
>
> > (a) When a motor vehicle bearing a handicapped plate, a handicapped parking placard, a severely-disabled veteran's plate, or a severely-disabled veteran placard is being operated by or for the transportation of a physically handicapped person or a severely-disabled veteran, **the driver shall be entitled to park for a period of sixty (60) minutes <u>in excess</u> of the maximum time limit and**

2

handicapped license plate and his entitlement to "one [] hour of free parking set by law." Original Record (O.R.), at 20.[5] On November 9, 2021, the BAA's hearing examiner determined that Fullman was liable for the civil penalty related to the September 2021 Ticket. On November 16, 2021, Fullman appealed from the hearing examiner's decision to the BAA Appeal Panel (Appeal Panel).

On January 24, 2022, the Appeal Panel affirmed the BAA hearing examiner's decision and informed Fullman that the total due including a late penalty was $66.00. On February 15, 2022, Fullman appealed from the Appeal Panel's decision to the trial court. Following the trial court's receipt of the certified record and the parties' briefs, and following oral argument, the trial court remanded the matter to the BAA for the limited purpose of receiving Fullman's evidence in picture form. On October 26, 2022, Fullman submitted an email to the BAA with additional evidence for consideration. On December 5, 2022, the Appeal Panel issued its written findings and again affirmed the BAA hearing examiner's decision.

On February 6, 2023, the trial court issued a scheduling order directing, among other things, that oral argument on the September 2021 Ticket Appeal's merits be scheduled for a date after August 7, 2023, and that, once scheduled, no continuances would be granted. On June 9, 2023, the trial court scheduled oral argument for August 10, 2023, in Fullman's September 2021 Ticket Appeal, and

---

> **without payment of any parking meter fees during <u>that sixty (60) minute period on streets where parking is limited</u>** but not prohibited by ordinance or by the Vehicle Code[, 75 Pa.C.S. §§ 101-9805]. Such motor vehicles shall comply with all parking prohibitions.

Traffic Code § 12-1117(2)(a) (bold and underline emphasis added). *See* https://codelibrary.amlegal.com/codes/philadelphia/latest/philadelphia_pa/0-0-0-284741 (last visited June 12, 2025).

[5] Because the pages of the trial court's original record are not numbered, the page numbers referenced herein reflect electronic pagination.

Fullman's appeal for another ticket the Authority had issued to him on April 22, 2022 (April 2022 Ticket Appeal).[6]

On August 10, 2023, the trial court called Fullman's September 2021 Ticket Appeal first. Fullman appeared and argued to the trial court that it should overturn the BAA decision because he was not parked in the handicapped spot for one hour and his dashboard camera showed that he had moved his car. According to Fullman, the BAA improperly disregarded his evidence.

The following exchange occurred between Fullman and the trial court during Fullman's September 2021 Ticket Appeal hearing:

> [Fullman]: I have a parking permit. I only moved my car so [sic] go see if I could find parking where I have a zone. I pay the [] Authority $35.00 a year to park down there. And if there's no spots there, I'm coming back to my block, I'm going to park where there's spots available. Handicap was available and I parked there. This mess [the City's attorney is] talking about, I don't know what he's talking about, but I'm telling you what I did.
>
> [Trial Court]: Okay, but you see, . . . as someone who's well acquainted with the procedures, well acquainted with the laws in this area, well acquainted with the procedures for appeal, since you have so many of them for various types of activities. The hour grace period, the clock ticks from the first point in time. The fact that you move your vehicle in the interim doesn't change that hour grace period. You purposefully went back to that location to --
>
> [Fullman]: -- no, I didn't purposefully go back.
>
> [Trial Court]: Oh, okay, so --
>
> [Fullman]: -- well, let Commonwealth Court handle it.
>
> [Trial Court]: Well, unfortunately they will, but what I'm trying to explain to you is --

---

[6] On February 5, 2023, the trial court issued an identical scheduling order relative to Fullman's April 2022 Ticket Appeal.

4

[Fullman]: -- Your Honor, don't even waste your time, I'm walking out.

[Trial court]: Oh, okay, fine, all right. Do --

[Fullman]: -- remember, you're going to stand in front of Jesus Christ.

([Fullman] exited the courtroom.)

[Trial Court]: Well, I'm sure he has more patience than myself. All right. Well, let the record reflect that we didn't even get to [] Fullman's other appeal, [the April 2022 Ticket Appeal].

Do you have a motion with respect to that one?

[City Attorney]: Yes, Your Honor, I would motion that it be dismissed for his failure to prosecute the appeal.

[Trial Court]: And that is granted. As to the other, it is denied for lack of merit. And let the record reflect he walked out.

Notes of Testimony (August 10, 2023) at 7-9.

On August 14, 2023, the trial court issued the following order:

[U]pon consideration of the pending [September 2021 Ticket] Appeal, and of any response thereto; and of the incident that occurred on the record before scheduled argument was to be held concerning the instant appeal on August 10, 2023, wherein [Fullman] stormed out of the courtroom shouting in a threatening manner that this [trial c]ourt would be facing judgment day following this [trial c]ourt's denial of his [September 2021 Ticket Appeal], the [City's] Motion to Dismiss [the April 2022 Ticket Appeal] is GRANTED and the instant appeal is DISMISSED for failure to proceed to oral argument in violation of this [trial c]ourt's [s]cheduling [o]rder and for displaying contemptuous disrespect and disruption of proceedings.

It is further ORDERED and DECREED that the Appeal is DENIED for lack of merit.

O.R. at 81.

On August 24, 2023, Fullman filed a Motion for Reconsideration in the trial court, which the trial court denied on August 25, 2023. Fullman appealed to this Court.[7] On September 20, 2023, the trial court directed:

> AND NOW, this 20th day of September 2023, **Intervenor, Carlos Matos**[8] **is hereby ORDERED** to file of record a Concise Statement of Errors Complained of on Appeal pursuant to . . . Rule 1925(b) and pursuant to subdivision (b)(l), concurrently serve th[e trial c]ourt . . . , within twenty-one (21) days.
>
> Any issue not properly included in the [Rule 1925(b)] Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

O.R. at 109 (original emphasis omitted, bold emphasis added). On October 25, 2023, the trial court issued its opinion pursuant to Rule 1925(a), stating therein that because Fullman had not filed a timely Rule 1925(b) Statement, this Court should dismiss Fullman's appeal.

> Preliminarily, Rule 1925(b) states, in pertinent part:
>
> **Direction to File Statement of Errors Complained of on Appeal**; **Instructions to the Appellant and the Trial Court**. If the judge entering the order giving rise to the notice of appeal ([]judge[]) desires clarification of the errors complained of on appeal, the judge may enter an order directing <u>the appellant</u> to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal . . . .

---

[7] When the trial court does not take additional evidence, [this Court's] . . . review of a local agency's adjudication is limited to determining whether constitutional rights were violated, an error of law was committed, or the necessary factual findings are supported by substantial evidence. An agency abuses its discretion when its findings of fact are not supported by substantial evidence.

*Kuziak v. Borough of Danville*, 125 A.3d 470, 474 n.2 (Pa. Cmwlth. 2015) (citations omitted).

[8] Carlos Matos is not identified nor otherwise referenced in the Original Record.

6

. . . .

(2) *Time for filing and service.*

(i) The judge shall allow <u>the appellant</u> at least 21 days from the date of the order's entry on the docket for the filing and service of the [Rule 1925(b)] Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental [Rule 1925(b)] Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the [Rule 1925(b)] Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. <u>In extraordinary circumstances,[9] the judge may allow for the filing of a [Rule 1925(b)] Statement or amended or supplemental [Rule 1925(b)] Statement *nunc pro tunc*</u>.

Pa.R.A.P. 1925(b)(2) (underline emphasis added). "Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived[.]" *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011). Rule 1925(c)(1) further provides that "[**a**]**n appellate court may remand in either a civil or criminal case for a determination as to whether a** [**Rule 1925(b)**] **Statement had been filed and/or served or timely filed and/or served**." Pa.R.A.P. 1925(c)(1) (emphasis added).

---

[9] The Note to Rule 1925 describes:

In general, *nunc pro tunc* relief is allowed only when there has been a breakdown in the process constituting extraordinary circumstances. Courts have also allowed *nunc pro tunc* relief when "non-negligent circumstances, either as they relate to appellant or his counsel" occasion delay. However, even when there is a breakdown in the process, the appellant must attempt to remedy it within a "very short duration" of time.

Pa.R.A.P. 1925 (Note) (citations omitted).

7

The Pennsylvania Supreme Court has explained that "in determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925[(b)], it is the trial court's order that triggers an appellant's obligation under the rule, and, therefore, we look first to the language of that order." *Berg v. Nationwide Mut. Ins. Co.*, 6 A.3d 1002, 1007-08 (Pa. 2010).

Here, the trial court attempted to order Fullman to file a Rule 1925(b) Statement. However, the trial court did not comply with Rule 1925(b). Rather than order *Fullman* to file a Rule 1925(b) Statement, the trial court erroneously ordered *Intervenor, Carlos Matos* - who was not a party to the September 2021 Ticket Appeal - to do so. Accordingly, pursuant to Rule 1925(c)(1), this Court remands the matter to the trial court to confirm whether it ever ordered Fullman to file a Rule 1925(b) Statement and, if not, to issue a corrected order directing Fullman to do so, and thereafter issue a Rule 1925(a) Opinion on the merits of the appeal.

For all of the above reasons, the matter is remanded to the trial court for further proceedings consistent with this Opinion.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Andrew Fullman           :
                                   :
            v.                  :
                                     :
Appeal from Decision of Bureau of   :
Administrative Adjudication        :
                                   :   No. 1026 C.D. 2023
Appeal of: Andrew Fullman        :

## O R D E R

AND NOW, this 13th day of June, 2025, the matter is remanded to the Philadelphia County Court of Common Pleas for further proceedings consistent with this Opinion.

Jurisdiction is retained.

_____
ANNE E. COVEY, Judge