# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Appeal of John Cox, From a       :
Decision of the Tax Review Board        :
                                        :
                                        :    No. 1574 C.D. 2018
                                        :    Argued: November 14, 2019
Appeal of:  John Cox                    :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
**JUDGE COHN JUBELIRER**                     **FILED: December 16, 2019**


John Cox (Appellant) appeals from the October 9, 2018 Order of the Court of Common Pleas of Philadelphia County (trial court), which denied Appellant's appeal from the City of Philadelphia (City) Tax Review Board's (Board) February 16, 2018 Decision and affirmed that Decision.  The Board's Decision abated the penalty and lien charges for unpaid Stormwater Management Services (SWMS) charges billed by the Philadelphia Water Department (Department), but retained the principal SWMS charges.  Upon review, we affirm.

## I.  <u>BACKGROUND</u>

Appellant is the owner of 355 East Price Street, Philadelphia, Pennsylvania (Property).  (Reproduced Record (R.R.) at 7a.)  The Property is a non-residential lot, with a structure and cement covering part of the land on which Appellant stores cars. (*Id.* at 11a-12a, 22a.)  Appellant has owned the Property since 2008.  In December

2016, Appellant received a bill for SWMS for the period November 22, 2011, to January 17, 2017. The bill indicated Appellant owed $29,502.69, of which $25,822.01 was the principal amount due, $3,560.68 was penalties and interest, and $120.00 was lien fees resulting from the years of the nonpayment. (*Id*. at 47a-51a.)

### A. Appeal to the Board

On January 17, 2017, Appellant filed a Petition for Appeal with the Board alleging he had never received any bills before the December 2016 bill. (*Id*. at 46a.) A master presided over the initial hearing and recommended that the Department should abate 100% of the penalty and reduce the total amount due to $11,679.93. (*Id.* at 39a.) Both parties appealed the master's recommendation to the Board.

On February 13, 2018, the Board conducted a hearing. (*Id.* at 6a.) The Department called no witnesses during the hearing but, through its counsel, provided "a packet of information" that reflected the Property's account. (*Id*. at 13a.) In response to questioning from the Board about when the SWMS charge was added for the Property, and if notice was sent out so that Appellant was aware, counsel for the Department stated that all property owners are charged monthly SWMS charges, and these bills were being sent to the Property. (*Id*. at 15a.)

Appellant testified that he had never received any notice of the SWMS charges and that the Property was only a lot. (*Id*. at 19a-20a, 22a.) When asked if his real estate taxes were current on the Property, Appellant testified that they were current and his address on record for the taxes was not the Property, but instead his residential address. (*Id*. at 17a.) Appellant further testified that the Property had a fence surrounding it; thus mail would not be able to be delivered to the structure

2

within. (*Id*. at 22a-23a.) He additionally testified that he never saw any mail when he would go to the Property, which was "just about every other day." (*Id*. at 23a.)

The Board questioned the Department's counsel as to whether mail was able to be delivered to the Property, to which counsel explained that, because the Property's account had not transferred "into no print status," the mail was not returned to the Department as undeliverable. (*Id*. at 21a-22a.)

Before rendering its Decision, the Board asked Appellant whether he had anything more to present for its consideration. (*Id*. at 23a-24a.) Appellant stated that he would have paid his taxes if he had known about the bills, but instead the Department waited to notify him of what he owed for the SWMS charges. (*Id*. at 24a.)

The Board then issued its Decision to abate 100% of the lien charge and 100% of the penalty, as well as require payment arrangements for the principal within 60 days. (*Id.* at 25a.) After the Board announced its Decision, Appellant claimed the Decision was issued before he could argue that the statute of limitations had run on some of the charges. (*Id*. at 27a-28a.) The Board informed Appellant that he could raise that issue on appeal to common pleas or request a rehearing. (*Id.* at 28a-29a.) Subsequently, on February 16, 2018, the Board issued its Order reflecting its determination during the hearing. (*Id.* at 34a.) In a subsequently issued opinion, the Board stated that, pursuant to *Ernest Renda Construction Company, Inc. v. Commonwealth*, 504 A.2d 1349 (Pa. Cmwlth. 1986), *rev'd on other grounds*, 532 A.2d 416 (Pa. 1987), Appellant must present substantial evidence that the Department's bill had been improperly assessed. (Board Decision at 1-2.) The Board determined that Appellant did not "present any documentation or evidence to

show that the charges should not be assessed or were assessed incorrectly by" the Department. (*Id*. at 2.)

**B. Appeal to the Trial Court**

On March 18, 2018, Appellant appealed the Board's Decision to the trial court. (R.R. at 1a.) Appellant attached to his brief to the trial court additional documents that were not part of the record, including an envelope he had sent to the Property that was returned as undeliverable. Following briefing and oral argument, the trial court issued its Order denying Appellant's appeal and affirming the Board's Decision. (Trial Court Order.) Appellant filed a Notice of Appeal. At the direction of the trial court, Appellant filed a Concise Statement of Errors Complained of on Appeal (Statement) pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(b).[1] (R.R. at 94a-96a.) Appellant prefaced his Statement by stating that he "does not know the basis for the [trial] court's order denying his appeal, so he can only state the issues in general terms." (*Id*. at 94a.) Appellant then listed the following issues:

1. Whether being billed is a condition [precedent] for liability for [SWMS] charges under the regulations of the [] Department?
   (a). Whether a property owner is liable for [SWMS] charges regardless of whether the owner is billed for the charges?

---

[1] Rule 1925(b) provides:

If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

Pa.R.A.P. 1925(b).

2. Whether [Appellant] was billed by the [] Department for [SWMS] charges for [the Property?]

    (a). Whether the [] Department had an evidentiary burden to come forward with proof of mailing following [Appellant]'s testimony that mail is not delivered to and he did not receive mail at the [] Property?

    (b). Whether the [] Department presented any evidence that it mailed water bills for [Appellant] for the [P]roperty at [the Property] in the absence of testimony from a witness or other documentary proof of mailing?

    (c). Whether the [] Department can [establish] receipt of [the] [w]ater [b]ill to [the Property] in the absence of a witness testifying that mail sent to the [P]roperty was not returned[?]

3. In the absence of notice from the [] Department, how was [Appellant] supposed to know he was liable for [SWMS] charges for the [P]roperty . . . , being that he never contracted for water service at the [P]roperty?

4. Whether [Appellant]'s right to procedural due process was violated by having [the P]roperty liened for [SWMS] fees for which he was never billed?

5. Whether the record of the hearing before the [] Board was full and complete?

6. Whether [Appellant] received a bill from the [] Department for the [P]roperty . . . prior to December 2016?

7. Whether bills addressed to [Appellant] at [the Property] were returned by the post office[?]

8. Whether the [] Board established liability for water bills older than four years in violation of the statute of limitations[?]

(*Id*. at 94a-96a.)

On February 8, 2019, the trial court issued its opinion in support of its order pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure,

5

Pa.R.A.P. 1925(a),[2] (1925(a) Opinion), noting that Appellant's Statement was not concise and, because the Statement did not allege any errors by the trial court, all issues were waived and not preserved.[3] (1925(a) Opinion at 4.) As for the merits of Appellant's claims, the trial court stated that "Appellant's claims would still fail even if they had been properly raised." (*Id.* at 4.) Specifically, the trial court found Appellant had not established any basis under which the trial court could overturn the Board's Decision. (*Id.*) The trial court determined Appellant's argument that being billed is a condition precedent to liability was not raised before the Board and, thus, was not preserved for appeal, citing Section 753(a) of the Local Agency Law, 2 Pa. C.S. § 753(a).[4] Even if the issue had not been waived, the trial court found there was no language in the Department's Rates and Charges that stated billing was a condition precedent. (1925(a) Opinion at 5.) The trial court also noted that

---

[2] Rule 1925(a)(1) provided at the time the trial court wrote its opinion in relevant part:

> (1) *General rule*.--Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

Pa.R.A.P. 1925(a)(1).

[3] Neither party addresses the trial court's finding of waiver based upon Appellant's Statement. However, we note Appellant indicated, in accordance with Rule 1925(b)(4)(iv), Pa.R.A.P. 1925(b)(4)(iv), that he was unsure of the bases for the trial court's decision.

[4] Section 753(a) provides:

> [I]f a full and complete record of the proceedings before the agency was made such party may not raise upon appeal any other question not raised before the agency (notwithstanding the fact that the agency may not be competent to resolve such question) unless allowed by the court upon due cause shown.

2 Pa. C.S. § 753(a).

6

Appellant's claim that the Department's Rates and Charges placed a burden on the Department to provide proof of mailing was contrary to law, and instead Appellant bore the burden of proof before the Board. (*Id.* at 5-6.) The trial court further determined that Appellant's due process rights were not violated when a lien was placed on the Property without notice. According to the trial court, the act commonly known as the Municipal Claims and Tax Liens Act[5] (MCTLA) "does not require a municipality to notify a property owner of [its] intent to file a municipal lien." (*Id.* at 7.) The trial court determined that the record of the hearing before the Board was complete, contrary to Appellant's argument that it was not. The trial court stated that Appellant did not submit "any evidence to rebut the certification of the record, or [provide] any evidence [of what] he [alleged] was missing." (*Id.*) The trial court concluded by stating that Appellant's claim that there is a four-year statute of limitations for water bills was unfounded because "[i]t is well settled that [the MCTLA] removes all time limitations on the filing of municipal claims." (*Id.* at 8 (quoting *Upper Gwynedd Twp. Auth. v. Roth*, 536 A.2d 875, 877 (Pa. Cmwlth. 1988)).)

## II.  DISCUSSION

On appeal,[6] Appellant offers four distinct issues for our consideration.[7] First, Appellant raises the issue of whether receipt of notice of the SWMS charges is a

---

[5] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101–7455.

[6] Our review is identical to that of a common pleas court. "We are to determine whether constitutional rights have been violated; whether an error of law was committed; or whether necessary findings of fact are supported by substantial evidence. Section 754(b) of the [Local] Agency Law, 2 Pa.C.S. § 754(b)." *Maggio v. Tax Review Bd. of City of Phila.*, 674 A.2d 755, 756 (Pa. Cmwlth. 1996).

[7] Appellant raised numerous issues in his appeal to the Court. We have consolidated and reordered them for convenience of review.

condition precedent to his liability for payment, and whether the Department had the burden to prove Appellant received notice, which it did not do. Second, Appellant argues his right to procedural due process was violated when the Department placed liens on the Property without prior notice. Third, Appellant argues that a four-year statute of limitations applies to Appellant's liability for the SWMS charges. Fourth, Appellant argues the trial court erred in refusing to apply the de novo standard in its review of the Board's Decision because the record was not full and complete. We review each of these issues in turn.

> **A. Whether, under the Department's Rates and Charges, the Department needed to show that Appellant received monthly bills in order for Appellant to be responsible for payment of the SWMS charges.**

Appellant argues that the Department's Rates and Charges establish that "the receipt of a monthly bill is a condition precedent to liability on a water bill." (Appellant's Brief (Br.) at 20.) Appellant thus asserts that because he did not receive monthly bills, he cannot be liable for the charges rendered. (*Id*. at 20-21.) The City argues that Appellant waived the condition precedent argument by not raising the issue before the Board. If the argument was not waived, the City argues that the condition precedent argument is not supported by any regulation, including the Department's Rates and Charges. Moreover, the City asserts that it proved that the bills were mailed to the address provided in its records. The City also notes that Appellant cannot escape his obligation to pay as he is responsible for paying SWMS charges pursuant to quantum meruit and/or the disproportionate forfeiture doctrine, the Board allowed him to appeal the charges *nunc pro tunc*, which is the only relief available to him, and, therefore, Appellant was not prejudiced by the delayed notice.

8

Because the City claims waiver, we address this issue first. Section 753(a) of the Local Agency Law, 2 Pa. C.S. § 753(a), states, that upon a full and complete record before an agency, a party may not raise a question not made before the agency. As stated by the Pennsylvania Supreme Court in *Lehman v. Pennsylvania State Police*, "challenges to a statute's application . . . must be raised before the agency or are waived for appellate review." 839 A.2d 265, 275 (Pa. 2003). While Appellant did not explicitly state that there was a "condition precedent" set forth in the Department's Rates and Charges, Appellant argued before the Board that he never received a bill for these charges and was not billed monthly. Appellant's counsel argued the following at the Board's hearing, "I am looking at these regulations. It's [the Department's Rates and Charges, Section] 2.1 about general customers and charges for the supply of water shall be determined and billed as follows. And Section A-2 is service charges shall be billed monthly. And I mean [Appellant] wasn't billed monthly." (R.R. at 25a.) This statement before the Board is sufficient to preserve this argument on appeal. Although Appellant frames the argument with more sophisticated terminology before this Court, Appellant did argue that the Department's Rates and Charges required that Appellant receive monthly bills in order for him to be liable; thus, the issue is not waived for appellate review.

Turning to the merits of whether Appellant had to receive monthly bills before he could be liable for the SWMS charges, Appellant cites Sections 2.1(a), 4.3, and 5.1(c) of the Department's Rates and Charges for support. Section 2.1 of the Department's Rates and Charges applies to charges for **water** service, not **stormwater** management services; thus, it is inapplicable. Section 4.3 states in part that "[a]ll [n]on-[r]esidential [p]roperties shall be charged a monthly SWMS charge

9

and a monthly Billing and Collection charge . . . " and sets forth the manner for calculating same. (*Id*. at 59a.) Section 5.1(c) states that "[a]ll bills are due and payable when rendered." (*Id*. at 64a.) Appellant reads Sections 4.3 and 5.1(c) as requiring that he receive a bill each month in order for him to be responsible to pay for that month's SWMS charge. In other words, if he does not receive the monthly bill when the SWMS charges accrue, he does not have to pay them. We disagree. These sections do not premise a property owner's ultimate responsibility for paying SWMS charges on the timely receipt of a monthly bill.

Furthermore, Section 5.1(h) of the Department's Rates and Charges provides:

> The billing of unoccupied [p]roperties for water and sewer shall be discontinued only on issuance of a Discontinuance of Water permit. Nothing in this Section shall relieve a [p]roperty [o]wner of his responsibility for maintaining a service line unless a Discontinuance of Water permit has been secured. **Under no circumstances will the stormwater service charge be terminated.**

(*Id*. at 65a (emphasis added).) Therefore, every property owner, regardless of whether the property is residential or non-residential, vacant or occupied, or with or without water service, is responsible for the SWMS charges. Even if Appellant did not know that SWMS charges would be assessed to the Property, Appellant is still responsible for the SWMS charges because "[l]andowners are responsible for knowing and complying with the law." *Peters Twp. v. Russell*, 121 A.3d 1147, 1152 (Pa. Cmwlth. 2015). In *Peters Township*, the landowners placed a gate across a private drive. The township claimed it violated the subdivision and land development ordinance (SALDO), which required court approval for such a gate. The township filed a complaint seeking the removal of the gate due to public safety concerns. On appeal, one of the arguments the landowners submitted was that the township did not tell them that court approval was required to install the gate. We

10

stated that "[e]ven if that factual allegation is true, it is irrelevant" because ignorance of the law does not excuse violations or noncompliance with the law. *Id*. at 1152. Here, too, Appellant is presumed to know the law, and, without regard to whether he received monthly bills, being unaware that he was responsible for SWMS charges for the Property does not excuse him from responsibility for paying the SWMS charges. Moreover, we note that the Department's Rates and Charges are published on the City of Philadelphia website and are available at https://www.phila.gov/water/PDF/RatesCharges.pdf (last visited December 9, 2019). In any event, Appellant did eventually receive a bill in December 2016 for the SWMS charges from which he has appealed.[8]

Importantly, the Board issued a full abatement of the penalty and lien charges determining that Appellant acted "in good faith, without negligence and no intent to defraud." (Board Decision at 2 (quotation marks omitted).) It seeks only to hold him responsible for charges for services from which he benefited.

Because receipt of a monthly bill for SWMS charges is not necessary for Appellant to be responsible for SWMS charges billed to his property, his arguments regarding whether he received a timely bill and who had the burden to prove receipt

---

[8] In accordance with the Department's Rates and Charges, "[a]ll properties within the City shall be billed a SWMS charge." (Section 4.1 of the Department's Rates and Charges, R.R. at 58a.) This is because all properties within the City receive a benefit from the SWMS supplied by the City. We note that the City provided SWMS that benefitted Appellant and the Property without payment for almost six years. To allow Appellant to receive these benefits, without remitting payment, would constitute unjust enrichment. *See Coudriet v. Twp. of Benzinger*, 411 A.2d 846, 848 (Pa. Cmwlth. 1980). In *Coudriet*, this Court ruled that the challengers to sewer rates were not exempt from paying even though they never tapped into the system. The charges were to support the many expenses of operating the system and providing benefits to the taxpayers, just like the SWMS charges in this instance. Therefore, equity also requires that Appellant pay for the SWMS services rendered by the Department.

11

are not relevant.[9] Instead, in order to challenge his responsibility for payment of the SWMS charges, Appellant had to prove that the charges were unreasonable, incorrect, or erroneous. (Board Decision at 1-2.) *See Burleson v. Pa. Pub. Util. Comm'n*, 461 A.2d 1234, 1236 (Pa. 1983) (In a case of alleged overbilling, "a complainant remains obligated to prove his case."); *Milkie v. Pa. Pub. Util. Comm'n*, 768 A.2d 1217, 1218 (Pa. Cmwlth. 2001) (When a complainant alleges that he was overcharged, the complainant bears the burden to show the bill was "abnormally high" when compared to other bills.); *Patton-Ferguson Joint Auth. v. Hawbaker*, 322 A.2d 783, 786 (Pa. Cmwlth. 1974) (The burden is on the complainant "to prove that the Authority had abused its discretion by establishing a rate system which was either unreasonable or lacking in uniformity."). However, Appellant has not alleged, or proven, that the charges were incorrect or erroneous. Instead, Appellant has acknowledged that "if [Department] had sent me a bill or gave [sic] me a bill, I would have paid." (R.R. at 24a.) Appellant's sole argument is that the City did not present evidence to prove he received a bill, or if the burden was on Appellant that he proved he did not receive a bill. As stated above, Appellant remains responsible for payment of the SWMS charges whether or not he received a timely monthly bill for those charges. Therefore, Appellant did not meet his burden of proof to show he was not obligated to pay the SWMS charges.[10]

---

[9] We agree with Appellant that the City offered no credible evidence at the Board hearing to prove the Department mailed the monthly bills to Appellant.

[10] Because the Board abated the penalty and lien charges, we need not reach the issue of whether notice was required before those charges could be assessed.

**B. Whether Appellant's right to procedural due process was violated by placing liens on the Property without notice.**

Appellant argues that the Department's periodic placement of liens on the Property without notice violated his right to procedural due process under the Fourteenth Amendment.[11]  The City responds by proffering three reasons this claim should not succeed:  (1) the issue is waived; (2) the Board lacks the authority to hear a challenge to liens; and (3) the controlling law holds that liens do not require prior notice.

Section 753(a) of the Local Agency Law mandates that a party may not raise a question on appeal that was not raised before the agency.  Appellant did not raise this procedural due process argument before the Board.  Moreover, Appellant is not questioning the facial constitutionality of a statute, which does not need to be raised before the agency.  *See* Pa. R.A.P. 1551(a); *see also Lehman*, 839 A.2d at 274 ("[C]onstitutional issues, other than challenges to a statute's validity, must first be raised before the administrative agency or they are waived.").  Therefore, Appellant was required to have raised the issue before the Board, and, since he did not, it was waived.

Even if the issue was not waived by Appellant, the Board would have lacked authority to hear the issue.  Under the City's Regulations, in a petition for review of an appeal, the Board has the authority to rule upon "the liability of any person for any unpaid money or claim . . . including, but not limited to, any tax, water or sewer rent, license fee or other charge, and interest and penalties."  Phila. Code § 19-1702(a) (2016).[12]  The Board's authority is limited under the City's Regulations to

---

[11] U.S. CONST. amend. XIV.
[12]     This    section    of    the    Philadelphia    Code    may    be    found    at http://library.amlegal.com/nxt/gateway.dll/Pennsylvania/philadelphia_pa/thephiladelphiacode?f=templates$fn=default.htm$3.0$vid=amlegal:philadelphia_pa (last visited December 9, 2019).

consider only a person's liability for payment. Thus, the issue of liens placed on the Property would not be properly before the Board, and is, therefore, not properly before us on appeal.

Instead, Section 16 of the MCTLA sets out the relevant procedure to challenge a lien placed on a property, providing:

> Any party named as defendant in the claim filed, or admitted to defend thereagainst, may file, as of course, and serve a notice upon the claimant or upon the counsel of record to issue a scire facias thereon, within fifteen days after notice so to do. If no scire facias be issued within fifteen days after the affidavit of service of notice is filed of record, the claim shall be stricken off by the court, upon motion. If a scire facias be issued in accordance with such notice, the claimant shall not be permitted to discontinue the same, or suffer a nonsuit upon the trial thereof, but a compulsory nonsuit shall be entered by the court if the claimant does not appear, or withdraws, or for reason fails to maintain his claim.

53 P.S. § 7184.

The MCTLA authorizes municipalities to file liens and lays out the proper procedures for those that wish to dispute a lien. "The [MCTLA] provides for a specific, detailed and exclusive procedure that must be followed to challenge or collect on a municipal lien . . . ." *City of Philadelphia v. Perfetti*, 119 A.3d 396, 399 (Pa. Cmwlth. 2015) (quoting *City of Philadelphia v. Manu*, 76 A.3d 601, 604 (Pa. Cmwlth. 2013) (alteration in original)).

Under Section 16 of the MCTLA, Appellant can request the lienholder, the Department, to issue a writ of scire facias. 53 P.S. § 7184. Should the Department fail to do so, the claim would be stricken upon motion to the court. *Id*. In contrast, should the Department issue a writ, Appellant could then "file an affidavit . . . , raising defenses to the lien, such as actual payment of taxes, a defective claim or

14

lien, fraud, or **lack of process or notice**." *Perfetti*, 119 A.3d at 400 (quotations and citation omitted) (emphasis in original). Thus, Appellant did not follow the proper procedures to challenge, before this Court, the liens placed on the Property.

### C. Whether a four-year statute of limitations applies to Appellant's liability for the SWMS charges.

Appellant asserts that his liability for the SWMS charges is subject to a four-year statute of limitations because it is a contract implied-in-law under Section 5525(a)(4) of the Judicial Code, 42 Pa. C.S. § 5525(a)(4). The City argues that the MCTLA, 53 P.S. § 7251, specifically and expressly provides that a municipality has six years to file an action in assumpsit for water or sewer services, and that the statute of limitations provided by the MCTLA must be given effect.

The MCTLA provides, in relevant part, that:

> In addition to remedies provided by law for the filing of liens for the collection of **municipal claims,** including but not limited to water rates, sewer rates . . . all cities . . . may proceed for recovery and collection of all of the foregoing claims by action of assumpsit . . . [and] shall be commenced either within six years after the completion of the improvement from which said claim arises or **within six years** after the water or sewer rates or the cost of abating a nuisance first became payable.

*Id.* (emphasis added). A municipal claim under Section 1 of the MCTLA is defined, in relevant part, as a "claim arising out of, or resulting from, a tax assessed, **service supplied**, work done, or improvement authorized and undertaken, by a municipality." 53 P.S. § 7101 (emphasis added).

Appellant, regardless of the MCTLA, argues the four-year statute of limitation of Section 5525(a)(4) of the Judicial Code applies because the SWMS charges are a result of a contract implied-in-law. Chapter 55 of the Judicial Code, though, is

15

limited in scope and applies only if a statute of limitations is not specifically provided elsewhere. Section 5501(a) of the Judicial Code states:

> **General rule**.--An action, proceeding or appeal must be commenced within the time specified in or pursuant to this chapter **unless, in the case of a civil action or proceeding, a different time is provided by this title or another statute** or a shorter time which is not manifestly unreasonable is prescribed by written agreement.

42 Pa. C.S. § 5501(a) (second emphasis added). It is clear from this language that Section 5525 is only to be employed if a specific statute of limitations is not otherwise provided. The MCTLA, however, provides a specific statute of limitations for **municipal claims resulting from a service supplied** that is applicable in the case before us. Because the MCTLA provides a specific time, six years, it inherently overrides the limited scope of Section 5525. The four-year statute of limitations does not apply here.

## D. Whether the trial court erred in declining to review de novo.

Appellant argues that the trial court erred in refusing to review the case de novo because Appellant brought forth new documents during his appeal to the trial court. These documents included an envelope he mailed after the Board's hearing in an attempt to prove that mail to the Property was being returned as undeliverable. These documents, attached to his brief, were never admitted into the original record. Additionally, Appellant asserts that the record was incomplete because basic civil procedures were not followed, citing, specifically, a failure of notice of the Department's case before the Board's hearing, and a lack of pleadings, motion practice, and discovery. Appellant argues that he was not given "adequate notice of the [] Department's case, so that he could be prepared to rebut the case at

16

the hearing." (Appellant's Br. at 29.) Appellant also alleges that the procedure employed by the Board was "fundamentally unfair" as the Board reached a decision in the middle of the hearing and concluded so without testimony or evidence. (*Id.* at 30-31.) The City responds that the trial court properly determined the Board's record was full and complete and did not err in refusing to review the case de novo. The City asserts that the Board conducted a full hearing, in which both parties were able to raise and present evidence in support of their arguments. In addition, the City notes that upon reaching a decision, the Board asked Appellant whether he had anything more to present or argue for its consideration and Appellant responded that if he had received a bill, he would have paid. (R.R. at 24a.)

Under the Local Agency Law, the question of what standard to apply depends on whether the local agency's record is full and complete. *See Powell v. Middletown Twp. Bd. of Supervisors*, 782 A.2d 617, 621 (Pa. Cmwlth. 2001). A record is "full and complete if there is a complete and accurate record of the testimony taken so that the appellant is given a basis for the appeal and if the court is given a sufficient record upon which to rule on questions presented." *Id.* A local agency's record "is not considered incomplete based solely on the appellant's failure to present evidence available at the hearing." *Ret. Bd. of Allegheny Cty. v. Colville*, 852 A.2d 445, 451 (Pa. Cmwlth. 2004). Section 754(a) of the Local Agency Law provides:

> **(a) Incomplete record**.--In the event a full and complete record of the proceedings before the local agency was not made, the court may hear the appeal de novo, or may remand the proceedings to the agency for the purpose of making a full and complete record or for further disposition in accordance with the order of the court.

2 Pa. C.S. § 754(a).

In its 1925(a) Opinion, the trial court stated that Appellant cited no evidence or authority to demonstrate that the Board's record was not full and complete. (1925(a) Opinion at 7.) The Board conducted a hearing that allowed both parties to present testimony and evidence. The Board also allowed Appellant to present additional arguments or evidence before and after reaching its decision. Appellant was given every opportunity to present his arguments and provide evidence; thus there was an adequate record on which to rule in an appeal. *See Powell*, 782 A.2d at 621-22.

Appellant's assertion that the Board's hearing lacked the requisite due process and basic civil procedures, rendering the record incomplete, is not persuasive. Hearings before local agencies follow the Local Agency Law and do not provide prehearing discovery or adhere to the Rules of Civil Procedure. *Colville*, 852 A.2d at 450 n.10. Therefore, the Board followed the proper procedures to allow for a full and complete record on which Appellant could appeal.

The evidence that Appellant attempted to enter before the trial court related to his argument that he did not receive timely, monthly SWMS bills for the property. However, that evidence is not relevant as his timely receipt of monthly bills is not determinative of his responsibility for payment. Even if those documents had been relevant, Appellant's unsuccessful attempt to provide additional evidence before the trial court does not render the Board's record incomplete. The trial court had no authority to "give . . . [A]ppellant another opportunity to prove what he . . . should have proved in the first place." *Id.* at 451.

Additionally, Appellant does not allege that the record made before the Board does not reflect the evidence presented at the hearing. Instances where a record has been determined to be incomplete include when a transcript is not included in the

record, or when a party refuses to provide necessary documents to the agency. *Kuziak v. Borough of Danville*, 125 A.3d 470, 475 (Pa. Cmwlth. 2015). Those situations do not apply in this case. There is nothing in the record to suggest the trial court erred in determining the record before the agency was complete.

### III. CONCLUSION

While the timely receipt of a monthly bill for SWMS charges is a prudent business practice, a property owner does not escape responsibility to pay SWMS charges merely because the monthly bill did not arrive. Instead, Appellant would have had to prove that the SWMS charges were incorrect, erroneous, unfair, or discriminatory, which he did not attempt to do. The liens placed on the Property, which Appellant attempted to challenge, are not properly before this Court as the process for challenging these liens is found under the MCTLA, and not through the appeal of a SWMS bill. The trial court correctly affirmed the Board's Decision and dismissed Appellant's appeal. Accordingly, we affirm the trial court's Order.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Appeal of John Cox, From a     :
Decision of the Tax Review Board      :
                                      :
                                      :    No. 1574 C.D. 2018
                                      :
Appeal of:  John Cox                  :


# O R D E R


**NOW**, December 16, 2019, the Order of the Court of Common Pleas of Philadelphia County, dated October 9, 2018, is **AFFIRMED.**


_____

**RENÉE COHN JUBELIRER,** Judge